1   Steven W. Moore, State Bar No. 193068
    steven.moore@ogletreedeakins.com
2   Evan R. Moses, State Bar No. 198099
    evan.moses@ogletreedeakins.com
3   Erica K. Rocush, State Bar No. 262354
    erica.rocush@ogletreedeakins.com
4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
5   One Market Plaza
    San Francisco, CA  94105
6   Telephone:    415.442.4810
    Facsimile:    415.442.4870
7
    Attorneys for Defendant
8   **TSA STORES, INC. (d/b/a Sports Authority) , erroneously sued**
    **as THE SPORTS AUTHORITY, INC.**
9
                 **UNITED STATES DISTRICT COURT**
10
                 **NORTHERN DISTRICT OF CALIFORNIA**
11

12   KHANH NIELSON, individually and on          Case No.
13   behalf of all others similarly situated,    NOTICE OF REMOVAL
14                      Plaintiff,
15          v.
16   **TSA STORES, INC. (d/b/a SPORTS**
     **AUTHORITY), erroneously sued as THE**
17   **SPORTS AUTHORITY, INC.,** and DOES 1      Complaint Filed:     August 22, 2011
     through 100, inclusive,
18
                        Defendants.
19

20

21   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22          PLEASE TAKE NOTICE THAT Defendant TSA Stores, Inc. (d/b/a Sports Authority),

23   erroneously sued as The Sports Authority, Inc. ("Defendant" or "Sports Authority"), by and

24   through undersigned counsel, hereby removes this action to this Court pursuant to 28 U.S.C. §§

25   1332, 1441, 1446, and 1453.  In support of such removal, Defendant states as follows:

26                            **I.  SUMMARY**

27          1.     Plaintiff Khanh Nielson filed this civil action in the Superior Court of California,

28   County of San Francisco, on or about August 22, 2011.  The action was assigned Docket No. CGC-

Case No. xxxxxx

1   11-513562. Plaintiff served Defendant via service on Defendant's registered agent on August 23,

2   2011. Copies of the Summons, Complaint, and all other documents included in the initial service

3   on Sports Authority are attached hereto as Exhibit A. Sports Authority timely filed an Answer to

4   the Complaint in San Francisco County Superior Court on September 21, 2011. A copy of the

5   Answer is attached hereto as Exhibit B. Other than the foregoing pleadings, Sports Authority is

6   unaware of there being any other documents on file with the San Francisco County Superior Court

7   in this action.

8       2.    This Notice of Removal is timely filed within 30 days of service of the Summons

9   and Complaint upon Sports Authority.

10      3.    Sports Authority has heretofore sought no similar relief.

11      4.    Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a) because the action

12  was pending in the San Francisco County Superior Court, which court is in the territory of the

13  United States District Court for the Northern District of California.

14      **II. <u>DIVERSITY JURISIDCTION UNDER 28 U.S.C. § 1332</u>**

15      5.    This matter is a civil action within the meaning of 28 U.S.C. § 1331, and one over

16  which this Court has original jurisdiction under 28 U.S.C. § 1332. It is an action which may be

17  removed to this Court by Sports Authority pursuant to the provisions of 28 U.S.C. § 1441(b) in that

18  it is a civil action between citizens of different states, and the amount in controversy exceeds the

19  sum of $75,000, exclusive of interest and costs.

20      **a.**    **Complete diversity pursuant to 28 U.S.C. § 1332 exists in this case.**

21          i.    Upon information and belief, Khanh Nielson is a citizen of the State

22          of California. (Declaration of Denise Byrnes ("Byrnes Decl."),

23          attached hereto as Exhibit C, ¶ 10.)

24          ii.    Sports Authority is a Delaware corporation with its principal place of

25          business in Englewood, Colorado. (Byrnes Decl. ¶ 3.)

26          iii.    Plaintiff's inclusion of fictitious parties has no effect on the removal

27          of this case. *See* 28 U.S.C. § 1441(a); *see also Soliman v. Philip*

28          *Morris, Inc.,* 311 F.3d 966, 971 (9th Cir. 2002).

b.   **Examining only Plaintiff's potential recovery on her individual claims in this case, the individual amount in controversy requirement is met.**

i.   The Complaint does not allege an amount of damages as to each of Plaintiff's individual claims.  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that Plaintiff's claimed damages will exceed $75,000.[1]  *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers *all* recoverable damages, including statutory penalties and attorney's fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

ii.   Moreover, for removal purposes, the amount in controversy is "the pecuniary result to either party which the judgment would directly produce" – either the benefit to the plaintiff <u>or</u> the cost to the defendant.  *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("In other words, where the value of a plaintiff's potential recovery is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.").  *See also Ridder Bros.*

---

[1] As a class action, the jurisdictional amount in controversy can be met either if the class claims exceed $5,000,000.00 *or* the individual named representative's damages exceed $75,000.00.  28 U.S.C. §§ 1332(a) and (d).

Case No. xxxxxx
NOTICE OF REMOVAL

*Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action"); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) (holding that where the values of relief sought are not the same to all parties, and defendant has removed the action from state to federal court, it is appropriate to determine whether or not the jurisdictional amount exists from the standpoint of defendant); *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008 (5th Cir. 1979) (noting that the value of the matter in controversy is measured not by the monetary judgment which plaintiff may recover, but by the judgment's pecuniary consequence to those involved in the litigation).

iii.   Plaintiff alleges in her Complaint that Sports Authority "knowingly failed to properly compensate Plaintiff and the Class Members for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods). . . ." (Complaint ¶ 23.)  Among other allegations, Plaintiff specifically avers that:

> [Sports Authority] has failed to provide the Plaintiff Class with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding five hours.

(*Id.*)  Plaintiff further alleges that Sports Authority "failed to provide Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period . . . ." (Complaint ¶ 24.)

iv.   Plaintiff's Complaint purports to allege the following causes of action on behalf of herself (and members of her putative class): (1) failure to provide required meal periods (Complaint ¶¶ 27-36); (2) failure to provide required rest periods (*Id.*); (3) failure to pay wages, including overtime (*Id.* ¶¶ 37-44); (4) failure to provide accurate wage statements (*Id.* ¶¶ 45-50); (5) failure to pay wages upon termination and entitlement to waiting time penalties (*Id.* ¶¶ 51-55); (6) unlawful business practices in violation of California Business & Professions Code § 17200 *et seq.* (*Id.* ¶¶ 56-59); and (7) penalties sought under the Private Attorneys General Act ("PAGA") pursuant to California Labor Code §§ 2699 *et seq.* (*Id.* ¶¶ 60-66).   Plaintiff seeks damages including loss of earnings for uncompensated hours worked, missed meal periods, and missed rest periods.  (Complaint ¶ 25.)  California law requires an award of 1.5 times an employee's regular rate of pay for each overtime hour not compensated.  Also, for each meal and/or rest period not provided an employee, the employee is entitled to a premium of one hour's pay at the employee's regular rate of pay.  Plaintiff also seeks interest, litigation costs, restitution of ill-gotten gains, and attorney's fees.  (Complaint ¶ 25; pp.15-16.)  She also claims that she is entitled to a number of statutory penalties, including penalties under California Labor Code §§ 201-203, 226, 226.7, 512 and 2699.  (Complaint ¶¶ 36, 44, 50, 55 and 66.)

v.   Plaintiff is a full-time associate assigned to the position of Lead Price Audit for Sports Authority.  (Byrnes Decl. ¶ 8.)  She began working for Sports Authority on May 23, 2007, and is currently paid an hourly wage of $13.30.  (*Id.* ¶¶ 9, 11.)  Plaintiff's average hourly wage from August 22, 2007 through the present was $13.90 per hour.

(*Id.* at ¶ 12.)

vi. Based on Plaintiff's work history and rate of pay, as well as the individual allegations included in her Complaint and damages she is seeking, Plaintiff's individual claimed damages would exceed $75,000, as follows:

(a) Plaintiff's First Cause for Failure to Provide Meal and Rest Periods: In her First Cause of Action, Plaintiff seeks unpaid meal and rest period premiums pursuant to California Labor Code §§ 226.7 and 512. (Complaint ¶¶ 27-36.) California Labor Code § 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided." Plaintiff does not allege exactly how many meal and rest periods she was not provided, but alleges that Sports Authority "consistently" failed to provide them. (Complaint ¶¶ 27-36.) Thus, under Plaintiff's theory of the case, assuming she was denied a meal period five times per typical work week because Sports Authority "routinely" and "consistently" failed to provide them, the potential amount in controversy under § 226.7 would be: $13.90 (average hourly pay rate) x 5 occasions x 208 weeks (total weeks worked by Plaintiff from August 22, 2007 through August 22, 2011) = **$14,456.00**. Similarly, assuming Plaintiff was denied a rest period five times per typical work week because Sports Authority "routinely" and "consistently" failed to provide them, the potential amount in controversy under § 226.7 would be: $13.90 (average hourly

NOTICE OF REMOVAL

pay rate) x 5 occasions x 208 weeks (total weeks worked by Plaintiff from August 22, 2007 through August 22, 2011) = **$14,456.00**. Therefore, a reasonable estimate of Plaintiff's potential recovery for her meal and rest period claims is **$28,912.00**.

(b)   Plaintiff's Second Cause for Failure to Pay Wages, Including Overtime.   In her Second Cause of Action, Plaintiff seeks unpaid wages (including overtime wages) pursuant to California Labor Code §§ 510 and 1194.   Specifically, Plaintiff alleges that Sports Authority routinely requires her to work hours (including overtime) without compensation. (Complaint ¶¶ 37-44.) California Labor Code § 510 provides that work in excess of eight hours per day and/or forty hours per week and/or the first eight hours of the seventh day of work should be compensated at no less than one and one- half (1½) times the regular rate of pay for the employee.   Thus, under Plaintiff's theory of the case, if she was denied one hour overtime pay per day (five hours of overtime pay per week), the potential amount in controversy would be: $20.85 (average hourly pay rate times one and one-half) x 5 (5 overtime hours per week) x 208 weeks (total weeks worked by Plaintiff from August 22, 2007 through August 22, 2011) = **$21,684.00**.

(c)   Plaintiff's Third Cause for Inaccurate Wage Statements.   In her Third Cause of Action, Plaintiff seeks statutory penalties for alleged failure to provide accurate wage and hour statements in violation of California Labor Code §§ 226 and 1174.   Under § 226(e), an injured employee can recover

NOTICE OF REMOVAL

actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. *See* Cal. Labor Code § 226(e). The statute of limitations for a claim under § 226(e) is one year. *See* Cal. Code of Civ. Proc. § 340(a). In the one year prior to the filing of the Complaint (i.e., August 22, 2010 through August 22, 2011), if we assume that Plaintiff worked during all 26 pay periods, and we assume that there were violations in each pay period, both of which are reasonable assumptions based on Plaintiff's allegations, the total amount in controversy for this claim would be **$2,550.00** (1 paycheck x $50 + 25 paychecks x $100).

(d) <u>Plaintiff's Sixth Cause for Penalties under PAGA.</u> In her Sixth Cause of Action, Plaintiff asserts a representative action for civil penalties pursuant to California's PAGA. (*See* Complaint ¶¶ 60-66.) California Labor Code § 2699(f) provides a civil penalty of $100 for each injured employee per pay period for the initial violation and $200 for each injured employee per pay period for each subsequent violation. The statute of limitations for penalty claims under PAGA is one year. *See* Cal. Code of Civ. Proc. § 340(a). During the one year preceding the filing of the Complaint, (i.e. from August 22, 2010 through August 22, 2011), we can assume that Plaintiff worked a total of 26 pay periods. Under Plaintiff's theory of the case, assuming $100 for the initial violation, and $200 for each subsequent violation, the total amount in controversy would be **$5,100.00** (($100 x 1

pay period) + ($200 x 25 pay periods)) for each of Plaintiff's

three PAGA claims, for a total of **$15,300.00**. This amount is

limited to Plaintiff's *individual* PAGA claims and does not

include any PAGA claims on behalf of putative class

members.

(e)   <u>Plaintiff Also Seeks Recovery of Attorney's Fees.</u>   In her

Complaint, Plaintiff seeks attorney's fees to the fullest extent

allowable or required by law.   (*See* Complaint pp.15-16.)

Assuming Plaintiff can recover on her claims, she would most

likely assert entitlement to attorney's fees of at least 25% of

the total recovery, which would be **$13,286.50** for her

individual claims (non-PAGA) and **$3,825.00** for her PAGA

claims. This amount of attorney's fees, totaling **$17,111.50**,

is a very conservative estimate of fees, and likely much less

than Plaintiff would claim for her individual claims. *See,*

*e.g., Ahmed v. Good Nite Management, Inc.*, 2009 WL

715988 (Cal. App. 1 Dist. 2009) (awarding $236,760 in

attorney's fees in individual case alleging overtime and

missed meal periods, as well as violations of the Unfair

Competition Law); *Burciaga v. ATC Distribution Group,*

*Inc.*, 2003 WL 21735569 (Cal. Sup. Ct. June 6, 2003)

(awarding $45,444 in unpaid overtime wages, interest, and

penalties in case involving allegations of missed meal and

rest periods and $88,360 in attorney's fees and $2,033 in

recoverable costs).

vii.   <u>Summary of Amount in Controversy.</u>   The foregoing calculations,

which assume conservative estimates based on Plaintiff's allegations,

total **$85,557.50**, which far exceeds the jurisdictional amount in

controversy.[2]  Therefore, not even including the mandatory 10% per annum interest rate on all of her alleged unpaid wages, attorney's fees, or any other amounts, Plaintiff's alleged individual damages exceed the minimum amount in controversy to provide this Court with jurisdiction over this case.

## III.  JURISIDCTION UNDER THE CLASS ACTION FAIRNESS ACT

6.     Even if the requirements for traditional diversity jurisdiction were not clearly satisfied, this lawsuit would still be removable because it is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.  The case was commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715, and it was brought by a putative representative person on behalf of a proposed class of individuals.  (*See* Complaint ¶¶ 1 and 6.)  As such, this matter is a purported class action as that term is defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

7.     This Court has original subject matter jurisdiction over this case based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Sports Authority, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), 1453.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

a.     **Plaintiff characterizes this lawsuit as a "*class action* seeking unpaid wages . . ., penalties, injunctive and other equitable relief, and**

---

[2] By estimating the amount Plaintiff may recover if she prevails, Sports Authority does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all.  Sports Authority reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

reasonable attorney's fees and costs. . . ."  (Complaint ¶ 1.)

b.      **CAFA's diversity requirement is easily met because Plaintiff and Sports Authority are citizens of different states.**

i.      In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.   28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090¬91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

ii.     Upon information and belief, Plaintiff is, and was at the time of the institution of this civil action, a citizen and resident of the State of California. (Byrnes Decl. ¶ 10.)   Furthermore, Plaintiff was, and currently is, employed by Sports Authority in the State of California. (Complaint ¶ 11; Byrnes Decl. ¶¶ 9-10.)  Thus, Plaintiff is domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.  *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

iii.    Sports Authority is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of

NOTICE OF REMOVAL

1    the laws of the State of Delaware.  (Complaint ¶ 15; Byrnes Decl. ¶

2    3.)   Its corporate headquarters and principal place of business is

3    located in Englewood, Colorado, and the majority of its executive

4    functions take place in Colorado. (Byrnes Decl. ¶¶ 3-4.)   Sports

5    Authority's corporate administrative functions (including payroll,

6    accounting, marketing, and information systems) are performed in

7    Colorado.  (Byrnes  Decl. ¶ 5.)  To the extent Sports Authority's

8    officers direct, control, and/or coordinate the corporation's functions,

9    such activities take place from the Company's headquarters in

10    Colorado. (Byrnes Decl. ¶ 6.)   Accordingly, Sports Authority is a

11    citizen of Delaware and Colorado for the purposes of determining

12    diversity. 28 U.S.C. § 1332(c)(1).  Sports Authority is not and, since

13    the commencement of this action, has not been, incorporated in

14    California and has not had its headquarters, executive offices, or

15    offices based in California.  (Byrnes Decl. ¶ 7.)

16

17    iv.    Based on the allegations in the Complaint, therefore, at least one

18    member of the putative class is a citizen of a state different from that

19    of one of the defendants.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring

20    only "minimal diversity" under which "any member of a class of

21    plaintiffs is a citizen of a State different from any defendant").

22

23    v.    In addition to Sports Authority, the Complaint also names as

24    defendants "Does 1 through 100." (Complaint ¶¶ 12-14.)  As stated

25    above, however, the citizenship of fictitious "Doe" defendants is

26    disregarded for removal purposes.  28 U.S.C. § 1441(a); *see, e.g.,*

27    *Soliman,* 311 F.3d at 971.  Thus, the inclusion of "Doe" defendants

28

Case No. xxxxxx

in Plaintiff's Complaint has no effect on Sports Authority's ability to remove this case to federal court.

**c.** **Based on the putative class as defined by Plaintiff in the Complaint, there are over 9,400 putative class members in this case. (Byrnes Decl. ¶ 13.)**

**d.** **CAFA's amount in controversy requirement is satisfied because Plaintiff's potential recovery on her class claims far exceeds the $5,000,000.00 threshold set by the statute.**

i. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000.00 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. To satisfy its burden that removal of this action is proper, a defendant only has to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold of $5,000,000 in the aggregate. "If, as here, 'the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1001 (C.D. Cal. 2009) (citing *Lowdermilk v. U.S. Bank Nat'l*

Case No. xxxxxx

*Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007)); *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (citation omitted).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn*, 536 F. Supp. 2d at 1204-05.  In cases where statutory penalties are sought, courts "have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA or removal to federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S.REP. 109-14, at 42 ("[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."); *id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

ii.  While Sports Authority denies Plaintiff's factual allegations and denies that Plaintiff or the putative class she purports to represent is entitled to the relief for which she has prayed,[3] it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint puts into controversy an amount in excess of $5,000,000.  *See Rhoades v. Progressive Casualty Insurance, Co.*, 2010 U.S. App. LEXIS 24128, *2  (9th Cir. Nov. 23, 2010) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (*quoting Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, *4 (9th Cir. 2010)).

iii.  As stated above, Plaintiff's Complaint purports to allege the following claims on behalf of herself and over **9,400** current and former non-exempt Sports Authority employees in California: (1) failure to provide required meal periods (Complaint ¶¶ 27-36); (2) failure to provide required rest periods (*Id.*); (3) failure to pay wages, including overtime (*Id.* ¶¶ 37-44); (4) failure to provide accurate wage statements (*Id.* ¶¶ 45-50); (5)  failure to pay wages upon

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Sports Authority's reference to specific damage amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Sports Authority maintains that Plaintiff's claims are without merit and that Sports Authority is not liable to Plaintiff or any other putative class member.  Sports Authority specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Sports Authority.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff or any other putative class member will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

termination and entitlement to waiting time penalties (*Id.* ¶¶ 51-55); (6) unlawful business practices in violation of California Business & Professions Code § 17200 (*Id.* ¶¶ 56-59); and (7) penalties sought under the Private Attorneys General Act pursuant to California Labor Code §§ 2699, *et seq.* (*Id.* ¶¶ 60-66). Plaintiff alleges that her claims are typical of the claims of the members of the proposed class. (*Id.* ¶¶ 22 and its subparts a-e.)

iv.  Plaintiff alleges that the relevant time period applicable to her claims is four years preceding the filing of this action. (*Id.* ¶ 20.) During the period from August 22, 2007 through August 22, 2011, Sports Authority employed over 9,400 individuals as non-exempt employees in its California retail locations. (Byrnes Decl. ¶ 13.) During this same period, at least 5,000 of Sports Authority's more than 9,400 non-exempt retail employees in California terminated their employment with the Company. (Byrnes Decl. ¶ 13.) The putative class members who are/were employed by Sports Authority from August 22, 2007 through August 22, 2011 worked approximately 441,800 workweeks in total. (Byrnes Decl. ¶ 14.) The average hourly wage of the putative class members during the period from August 22, 2007 through August 22, 2011 was at least $11.97. (Byrnes Decl. ¶ 15.)

v.  Putative class members are paid every two weeks. Therefore, at least 117,000 paychecks were issued to putative class members during the period August 22, 2007 through August 22, 2011. (Byrnes Decl. ¶ 15.)

NOTICE OF REMOVAL

Case No. xxxxxx

vi.   The statute of limitations for Plaintiff's claim under California Labor Code Section § 203 is generally three years.  *See* Cal. Code of Civ. Proc. § 338.  During the period from August 22, 2008 through August 22, 2011, Sports Authority employed at least 7,100 putative class members at an average hourly wage of $11.50. (Byrnes Decl. ¶ 16.)  During that period, at least 4,800 putative class members terminated their employment with Sports Authority.  (Byrnes Decl. ¶ 17.)

vii.   The statute of limitations for Plaintiff's claim for penalties resulting from violations of various Labor Code provisions is one year.  *See* Cal. Code of Civ. Proc. § 340(a).  During the period from August 22, 2010 through August 22, 2011, Sports Authority employed approximately 2,400 putative class members who worked a total of approximately 33,600 workweeks, at the average hourly wage of $12.19.   (Byrnes Decl. ¶ 18.)   Therefore, approximately 16,500 paychecks were issued to putative class members during the period from August 22, 2010 to August 22, 2011.  (*Id*. at ¶¶ 18-19.)

viii.   Plaintiff's First Cause for Failure to Provide Meal and Rest Periods. In her First Cause of Action, Plaintiff seeks unpaid meal and rest period premiums pursuant to California Labor Code §§ 226.7 and 512. (Complaint, ¶¶ 27-36.) California Labor Code § 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided."  Plaintiff does not allege

exactly how many meal or rest periods she or others were not provided with, but alleges that Sports Authority "routinely" failed to provide them. (Complaint ¶¶ 27-36.) Thus, under Plaintiff's theory of the case, assuming the putative class members were denied five meal and rest periods respectively per typical work week because Sports Authority "routinely" and "consistently" failed to provide them, the potential amount in controversy under §226.7 would be at least: $11.97 (average hourly wage of putative class members) x 10 (5 meal periods + 5 rest periods) x 441,800 weeks (total weeks worked by putative class members from August 22, 2007 through August 22, 2011) = **$52,883,460.00**.

ix.   Plaintiff's Second Cause for Failure to Pay Wages, Including Overtime.   In her Second Cause of Action, Plaintiff seeks unpaid wages (including overtime wages) pursuant to California Labor Code § 510 and § 1194.   Specifically, Plaintiff alleges that Sports Authority has routinely required putative class members to work hours (including overtime) without compensation. (Complaint ¶¶ 37-44.) California Labor Code § 510 provides that work in excess of eight hours per day and/or forty hours per week and/or the first eight hours of the seventh day of work should be compensated at no less than one and a half (1½) times the regular rate of pay for the employee. California Labor Code § 1194 provides for the recovery of unpaid overtime wages for each of the putative class members. Thus, under Plaintiff's theory of the case, if the putative class members were denied five hours of overtime pay per week, the

NOTICE OF REMOVAL

potential amount in controversy would be at least: $11.97 (average hourly pay rate of putative class members times one and a half) x 5 (hours of overtime per week) x 441,800 weeks (total weeks worked by purported class from August 22, 2007 through August 22, 2011) = **$26,441,730.00**.

x.   <u>Plaintiff's Third Cause for Inaccurate Wage Statements.</u>  In her Third Cause of Action, Plaintiff seeks statutory penalties for alleged failure to provide accurate wage and hour statements in violation of California Labor Code §§ 226 and 1174.   Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. Cal. Labor Code § 226(e). The statute of limitations for a claim under § 226(e) is one year.  *See* Cal. Code of Civ. Proc. § 340(a).  In the one year prior to the filing of the Complaint (i.e., August 22, 2010 through August 22, 2011), Sports Authority employed approximately 2,400 putative class members.  (Byrnes Decl. ¶ 19.)  These putative class members received approximately 16,500 paychecks during that time period. (Byrnes Decl. ¶ 19.)   Assuming $50 for each first allegedly improper paycheck, and $100 for each subsequent allegedly improper paycheck, the total amount in controversy for this claim would be at least **$1,530,000.00** (($50 x 2,400 paychecks) + ($100 x 14,100 paychecks).

xi.   <u>Plaintiff's Fourth Cause for Failure to Pay Wages on Termination.</u>  In

her Fourth Cause of Action, Plaintiff seeks statutory waiting-time penalties against Sports Authority for allegedly failing to timely pay wages due upon termination pursuant to California Labor Code §§ 201-203.   (Complaint ¶¶ 51-55.)   California Labor Code § 203 provides for a penalty of up to 30 days of daily wages at the same rate for an injured employee.  The statute of limitations for "waiting time" penalties under Labor Code § 203 is three years.  *See* Cal. Labor Code § 203; Cal. Code of Civ. Proc. § 338.  The average daily wage (assuming 8 hours worked) for a putative class member during the period from August 22, 2008 to August 22, 2011, was at least $92.00 (8 hours x $11.50/hr).  (Byrnes Decl. ¶ 17.)   From August 22, 2008 to August 22, 2011, approximately 4,800 putative class members terminated their employment with Sports Authority.  (Byrnes Decl. ¶ 17.)    Thus, under Plaintiff's theory of the case, if each could recover maximum waiting time penalties of 30 days of daily wages for 4,800 members of the putative class, the aggregate recovery would be at least: **$13,248,000** ($92.00 average daily wage x 30 days x 4,800 putative class members).

xii.    Plaintiff's Fifth Cause for Unfair Business Practices.  In her Fifth Cause of Action, Plaintiff seeks restitution of the amounts Sports Authority acquired through alleged unfair, unlawful, and fraudulent business pursuant to California Business & Professions Code §§ 17200-17208. (Complaint ¶¶ 56-59.)  California Labor Code § 203 provides for a penalty of up to 30 days of daily wages at the same rate for an injured employee.  The statute of limitations for "waiting

NOTICE OF REMOVAL

"time" penalties under Labor Code § 203 is three years.  *See* Cal. Labor Code § 203; Cal. Code of Civ. Proc. § 338.  The average daily wage (assuming 8 hours worked) for a putative class member during the period from August 22, 2008 to August 22, 2011, is approximately $92.00 (8 hours x $11.50/hr).  (Byrnes Decl. ¶ 17.) From August 22, 2008 to August 22, 2011, approximately 4,800 putative class members terminated their employment with Defendant. (Byrnes Decl. ¶ 17.)   Thus, under Plaintiff's theory of the case, if each could recover maximum waiting time penalties of 30 days of daily wages for 4,800 members of the putative class, the aggregate recovery would be at least: **$13,248,000** ($92.00 average daily wage x 30 days x 4,800 putative class members).

xiii.   Plaintiff's Sixth Cause for Penalties under PAGA.   In her Sixth Cause of Action, Plaintiff asserts a representative action for civil penalties pursuant to California's PAGA. (*See* Complaint ¶¶ 60-66.) Labor Code § 2699(f) provides a civil penalty of $100 for each injured employee per pay period for the initial violation and $200 for each injured employee per pay period for each subsequent violation. The statute of limitations for penalty claims under PAGA is one year. *See* Cal. Code of Civ. Proc. § 340(a).  During the one year preceding the filing of the Complaint, (i.e. from August 22, 2010 through August 22, 2011), at least 2,400 putative class members worked more than 16,500 pay periods. (Byrnes Decl. ¶ 18.) Under Plaintiff's theory of the case, assuming $100 for each initial violation, and $200 for each subsequent violation, the total amount in controversy for this

NOTICE OF REMOVAL

claim would be at least: **$3,060,000.00 ($240,000.00** ($100 x 2,400 pay periods) + **$2,820,000.00** ($200 x 14,100 pay periods)).   It should be noted that Plaintiff appears to be alleging PAGA claims for at least three of her independent causes of action.   Therefore, her potential recovery for her PAGA claims is at least **$9,180,000.00** ($3,060,000.00 x 3).

xiv.   <u>Plaintiff Also Seeks Recovery of Attorney's Fees.</u>   Even though Plaintiff's potential recovery on her class claims is more than enough to meet CAFA's amount in controversy requirement, Sports Authority is also permitted to include her potential recovery of attorney's fees to show that the amount in controversy has been met. "Where a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v. CVS Pharmacy, Inc.*, Civil No. 09cv0419 JAH (RBB), 2009 WL 2579661, *2 (S.D. Cal. Aug. 19, 2009); *see also Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding, outside the CAFA context, that 28 U.S.C. § 1332(a)'s amount in controversy requirement includes attorney's fees).   In her Complaint, Plaintiff seeks attorney's fees to the fullest extent allowable or required by law. (*See* Complaint pp. 15-16.)   Assuming Plaintiff can recover on her claims, she would most likely assert entitlement to attorney's fees of at least 25% of the total recovery, which would be

at least **$29,132,797.50**, based on the partial estimates discussed above (25% x [$52,883,460 + $26,441,730 + $1,530,000 + $13,248,000 + $13,248,000 + $9,180,000]). *In re Quintus Securities Litigation*, 148 F. Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action settlement context that the benchmark for setting attorney's fees is 25% of the common fund). An assumption of 25% is actually very conservative, as the Ninth Circuit Court of Appeals held that a percentage of 30% is within the "usual range" for attorney fee awards in class cases, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-49 (9th Cir. 2002), and Judge Keenan of the Southern District of New York held that percentage fees in common fund cases typically range from 20% to as high as 50%, *In re Warner Commc'n Sec. Lit.*, 618 F. Supp. 735, 749-50 (S.D.N.Y. 1985). More recently, in *Craft v. Cnty. of San Bernardino*, 2008 U.S. Dist. LEXIS 27526, at *30 (C.D. Cal. 2008), the District Court noted that a 1996 study by the Federal Judicial Center "found that most fee awards in common fund class actions were between 20% and 40% of the gross monetary settlement" and another study by the National Economic Research Associates found that attorney's fees in these class actions averaged approximately 32% of the recovery. *Id.*

xv.    Summary of Amount in Controversy.    Although Sports Authority denies Plaintiff's factual allegations or that she or the putative class she purports to represent are entitled to the relief for which Plaintiff has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set

forth under 28 U.S.C. § 1332(d)(2). Based on the very conservative calculations outlined above, the total amount in controversy is as follows: (a) meal and rest period premiums – at least $52,883,460; (b) overtime wages – at least $26,441,730; (c) wage statement penalties – at least $1,530,000; (d) waiting-time penalties – at least $13,248000; (e) unfair business practices – at least $13,248,000; (f) PAGA penalties – at least $9,180,000; (g) attorney's fees – at least $29,132,797.50. The subtotal of these amounts is **$145,663,987.50**.

### IV. <u>OTHER JURISDICTIONAL REQUIREMENTS</u>

8.      All prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

9.      Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and (d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

10.      This Notice of Removal is filed in the District Court in which the State court action is pending.

11.      Contemporaneous with the filing of this Notice of Removal, Sports Authority has filed a copy of the same with the clerk of the San Francisco County Superior Court. *See* 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

12.      Sports Authority reserves the right to amend or supplement its Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

13.      If any question arises as to the propriety of the removal of this action, Sports Authority requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

14.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Sports Authority's rights to assert any defense or affirmative matter, including, but not

limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper service; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims; (6) failure to state a claim; (7) failure to join indispensible parties; or (8) any other pertinent defenses available under either California or Federal Rule of Civil Procedure 12, any State or federal statute, or otherwise.

15. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court for the County of San Francisco. A true and correct copy of the Notice of Removal, to be filed in San Francisco County Superior Court, without the exhibits, is attached hereto as Exhibit D.

DATED: September 22, 2011.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Steven W. Moore
Evan R. Moses
Erica K. Rocush

*Attorneys for Defendant*
TSA STORES, INC., erroneously sued as THE SPORTS AUTHORITY, INC.

10993754.1 (OGLETREE)

NOTICE OF REMOVAL

*Khanh Nielson, et al, v. TSA Stores, Inc., et al.*

**Exhibit A**

**Defendant TSA Stores, Inc.'s Notice of Removal**

08/23/11 @ 2:55

First Legal                    4158203111                    8/22/11

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE SPORTS AUTHORITY, INC., and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KHANH NIELSON, individually and on behalf of all other similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

CASE NUMBER: *(Número del Caso)*  CGC 11 515562

Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):*
Stephen Noel Ilg, Esq., Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor Oakland, CA 94612

DATE:  AUG. 2 2  2011
*(Fecha)*

CLERK OF THE COURT
Clerk, by  D. STEPPE  , Deputy
*(Secretario)*  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify):  The Sports authority inc

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☒ by personal delivery on (date):  8/23/11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FAXED  FIRST LEGAL SUPPORT SERVICES

CASE NUMBER: CGC-11-513562  KHANH NIELSON, INDIVIDUALLY AND ON BEHALF OF AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:      JAN-20-2012

TIME:      9:00AM

PLACE:     Department 610
           400 McAllister Street
           San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
without an appearance at the case management conference if the case management
statement is filed, served and lodged in Department 610
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10.D re stipulation to commissioners acting as temporary judges

First Legal                    4166283111                                   8/22/11

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2011 AUG 22  AM 8: 07

CLERK OF THE COURT

BY:_____
DEPUTY CLERK

D. STEPPE

1  Scott Edward Cole, Esq. (S.B. # 160744)
   Hannah R. Salassi, Esq. (S.B. #230117)
2  Stephen Noel Ilg, Esq. (S.B. #275599)
   SCOTT COLE & ASSOCIATES, APC
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  Email: scole@scalaw.com
   Email: hsalassi@scalaw.com
6  Email: silg@scalaw.com
   Web: www.scalaw.com
7

8  Attorneys for Representative Plaintiff
   and the Plaintiff Class
9

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             IN AND FOR THE COUNTY OF SAN FRANCISCO

12

13  KHANH NIELSON, individually and      ) Case No. C G C - 1 1 - 5 1 3 5 6 2
    on behalf of all other similarly situated,  )
14                                        ) CLASS ACTION
                      Plaintiff           )
15                                        ) COMPLAINT FOR DAMAGES,
    vs.                                   ) INJUNCTIVE RELIEF, AND RESTITUTION
16                                        )
                                          ) [Jury Trial Demanded]
17  THE SPORTS AUTHORITY, INC.,           )
    and DOES 1 through 100, inclusive,    )
18                                        )
                      Defendants.         )
19                                        )

20

21  Representative Plaintiff alleges as follows:

22

23                    PRELIMINARY STATEMENT

24       1.      This is a class action seeking unpaid wages, including meal and rest period

25  compensation, interest thereon, penalties, injunctive and other equitable relief, and reasonable

26  attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7,

27  510, 512, 1174, 1194, 1197, 1198 and 2699, California Business and Professions Code §§ 17200, *et*

28  *seq.*, and California Code of Civil Procedure § 1021.5. Plaintiff Khahn Nielson ("Plaintiff") brings

-1-
Complaint for Damages Injunctive Relief and Restitution

1   this action on behalf of herself and all other persons similarly situated ("Class Members" and/or the

2   "Plaintiff Class") who are or have been employed by defendants The Sports Authority, Inc. and/or

3   Does 1 through 100, inclusive (collectively "Defendant" and/or "Sports Authority") as non-exempt

4   retail store employees within the State of California at any time after August 22, 2007.

5          2.        The "Class Period" is designated as the time from August 22, 2007 through the date

6   of trial and is based upon the allegation that Defendant's violations of California's wage and hour

7   laws, as described more fully below, have been ongoing during that time.

8          3.        During the Class Period, Defendant has had a consistent policy of, *inter alia*, (1)

9   requiring its non-exempt retail employees, including Plaintiff and Class Members, to remain at work,

10  under the control of Sports Authority, after completion of these workers' ordinary duties, without

11  paying these employees' wages (including overtime wages) for all compensable time, (2) requiring

12  its non-exempt retail employees, including Plaintiff and Class Members, to submit to mandatory

13  security checks of their persons and/or belongings without paying them compensation (including

14  overtime and/or other compensation for working during meal and/or rest periods), (3) willfully

15  failing to pay compensation owing in a prompt and timely manner to those Class Members whose

16  employment with Sports Authority has terminated, (4) willfully failing to provide Plaintiff and Class

17  Members with accurate semimonthly itemized statements of the total number of hours each of them

18  worked, the applicable deductions, and the applicable hourly rates in effect during the pay period,

19  and (5) willfully failing to provide meal periods and/or rest periods to Plaintiff and/or Class

20  Members.

21

22                                      **INTRODUCTION**

23         4.        Plaintiff is informed and believes and, based thereon, alleges that, within the Class

24  Period, Sports Authority operated numerous retail establishments throughout California. In doing so,

25  Sports Authority has employed hundreds, if not thousands, of individuals in non-exempt retail

26  positions which are entitled to full and uninterrupted meal and rest periods, as well as other benefits

27  of employment, as set forth herein.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5.      Despite actual knowledge of these facts and legal mandates, Sports Authority has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by failing to offer all required meal and rest periods to its California non-exempt retail employees, by not providing all regular and/or overtime pay when due and/or when certain Class Members' employment with Sports Authority terminated, and by willfully failing to provide accurate semi-monthly itemized wage statements.

6.      Plaintiff is informed and believes and, based thereon, alleges that officers and directors of Sports Authority knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7.      Despite Sports Authority's knowledge of Plaintiff's and Class Members' entitlement to these benefits of employment, Sports Authority failed to provide same for all applicable work periods in violation of the California Labor Code, the California Business and Professions Code, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this ongoing pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*, Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1198, and/or 2699, and California Code of Civil Procedure § 1021.5.

9.      This Court also has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful, and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

10.      Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant Sports Authority operates retail facilities and has employed

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  numerous Class Members within San Francisco County, transacts business, has agents, and is

2  otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts

3  alleged herein have a direct effect on Plaintiff and those persons similarly situated within the State of

4  California and the County of San Francisco. Defendant operates facilities and has employed

5  numerous Class Members in the County of San Francisco.

6

7                          **PLAINTIFF(S)**

8          11.      Plaintiff is a natural person and was, during the Class Period, employed by

9  Defendant Sports Authority as a non-exempt employee at one or more of Defendant's California

10  retail stores.

11         12.      During the Class Period, Plaintiff was a person within the Class of persons further

12  described and defined herein.

13         13.      As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff

14  Class" refers to the named Plaintiff as well as each and every person eligible for membership in the

15  class of persons further described and defined herein. At all times herein relevant, Plaintiff is/was a

16  person within the class of persons further described and defined herein.

17         14.      Plaintiff brings this action on behalf of herself and as a class action, pursuant to

18  California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately

19  damaged by the unlawful conduct described herein.

20

21                          **DEFENDANT(S)**

22         15.      At all times herein relevant, Defendant Sports Authority was a corporation, duly

23  licensed, located and doing business in, but not limited to, the County of San Francisco, in the State

24  of California.

25         16.      Plaintiff is informed and believes and, based thereon, alleges that Defendant Sports

26  Authority has, since August 22, 2010, directly or indirectly employed and/or exercised control over

27  the wages, hours, and working conditions of Plaintiff and Class Members within various California

28  counties, including, but not limited to, the County of San Francisco.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
Complaint for Damages Injunctive Relief and Restitution

17.     Those Defendants identified as Does 1 through 100, inclusive, were, at all times herein-mentioned, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiff and Class Members at various California locations, as identified in the preceding paragraph.

18.     Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive, and, therefore, sues these Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein-alleged and that Plaintiff's and Class Members' damages, as herein-alleged, were proximately caused thereby.

19.     Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of herself and as a class action on behalf of the following Plaintiff Class:

*All persons who are and/or were employed as non-exempt employees by The Sports Authority, Inc. in one or more of its California retail stores between August 22, 2007 and the present.*

21.     Defendants and their officers and directors are excluded from the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

22.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Class will be determined by and upon analysis of employee and payroll records, among other records maintained by Defendant.

b.      Commonality: Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)      Whether defendant violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to Plaintiff and the Class Members;

2)      Whether defendant violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all (including overtime) compensation to its non-exempt retail employees who worked in excess of forty hours per week and/or eight hours per day;

3)      Whether defendant violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

4)      Whether defendant violated California Labor Code §§ 201-204 by failing to pay all wages due and owed during the pendency of employment and/or at the time of the termination of employment with Defendant of Plaintiff and/or Class Members;

5)      Whether defendant violated California Labor Code § 226 by failing to provide Plaintiff and the Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

6)      Whether defendant violated Business and Professions Code §§ 17200, et seq. by engaging in unfair, unlawful and/or fraudulent business practices.

c.      Typicality: Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.      Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Class in that Plaintiff's claims are typical of those of the Plaintiff Class, and Plaintiff has the same interest in the litigation of this case as the Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages Injunctive Relief and Restitution

1    litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiff anticipates no management difficulties in this litigation.

2

3      e.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

4

5

6

7

8

9

10  <div align="center"><b><u>COMMON FACTUAL ALLEGATIONS</u></b></div>

11      23.    Sports Authority has, for years, knowingly failed to properly compensate Plaintiff

12  and the Class Members for all wages earned and due (including, but not necessarily limited to,

13  overtime wages and/or compensation for missed meal and/or rest periods), thereby enjoying a

14  significant competitive edge over other companies within its industry. Moreover, Defendant has

15  failed to provide the Plaintiff Class with net ten minute rest periods for work shifts exceeding four

16  hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods

17  of at least 30 minutes for work shifts exceeding five hours. Defendant has declined to pay the wages

18  due as a result of these violations, even upon a Class Member's termination or resignation from

19  employment, in blatant violation of California Labor Code §§ 201-204, inclusive. More than 30 days

20  has passed since certain Class Members have left Defendant's employ.

21      24.    Defendant also failed to provide Plaintiff and Class Members with accurate

22  semimonthly itemized statements of the total number of hours worked by each, and all applicable

23  hourly rates in effect during each pay period, in violation of California Labor Code §§ 226 and/or

24  1174(d). In doing so, Defendant has not only failed to pay its workers the full amount of

25  compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its

26  unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial

27  impact of its wrongdoing.

28

<div align="left">SCOTT COLE & ASSOCIATES, APC<br>ATTORNEYS AT LAW<br>THE WACKOVIA TOWER<br>1970 BROADWAY, NINTH FLOOR<br>OAKLAND, CA 94612<br>TEL: (510) 891-9800</div>

25.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for uncompensated hours worked, missed meal periods, and missed rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties/wages for failure to pay wages owed upon termination (pursuant to California Labor Code §§ 201-204), for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

26.     Plaintiff complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated August 22, 2011, Plaintiff gave written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations.

<div align="center">

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
(California Labor Code §§ 226.7 and 512)

</div>

27.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

28.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

29.     California Labor Code §226.7 provides:

    (a)   No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    (b)   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

2  30.  Moreover, California Labor Code § 512 provides:

3  An employer may not employ an employee for a work period of more than
   five hours per day without providing the employee with a meal period of
4  not less than 30 minutes, except that if the total work period per day of the
   employee is no more than six hours, the meal period may be waived by
5  mutual consent of both the employer and employee. An employer may not
   employ an employee for a work period of more than 10 hours per day
6  without providing the employee with a second meal period of not less than
   30 minutes, except that if the total hours worked is no more than 12 hours,
7  the second meal period may be waived by mutual consent of the employer
   and the employee only if the first meal period was not waived.

8

9  31.  By failing to consistently provide uninterrupted and unrestricted meal and rest

10 periods to Plaintiff and Class Members, Defendant violated California Labor Code §§ 226.7 and/or

11 512, as well as §§ 11 and 12 of IWC Wage Order No. 7.

12 32.  Section 11 of IWC Wage Order No. 7 provides:

13    a.  No employer shall employ any person for a work period of more than five (5)
          hours without a meal period of not less than 30 minutes ....
14
      b.  An employer may not employ an employee for a work period of more than
15        ten (10) hours per day without providing the employee with a second meal
          period of not less than 30 minutes ....
16
      c.  If an employer fails to provide an employee a meal period in accordance with
17        the applicable provisions of this order, the employer shall pay the employee
          one (1) hour of pay at the employee's regular rate of compensation for each
18        workday that the meal period is not provided.

19 33.  Moreover, Section 12 of IWC Wage Order No. 7 provides:

20    a.  Every employer shall authorize and permit all employees to take rest periods,
          which insofar as practicable shall be in the middle of each work period. The
21        authorized rest period time shall be based on the total hours worked daily at
          the rate of ten (10) minutes net rest time per four (4) hours or major fraction
22        thereof ....

23    b.  If an employer fails to provide an employee a rest period in accordance with
          the applicable provisions of this order, the employer shall pay the employee
24        one (1) hour of pay at the employee's regular rate of compensation for each
          workday that the rest period is not provided.
25
26 34.  By failing to consistently (1) provide meal breaks within the first five hours of a

27 work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-

28

-9-

Complaint for Damages Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | minute rest periods to Class Members, Defendant violated California's Labor Code and §§ 11 and 12

2 | of IWC Wage Order No. 7.

3 |     35.    Even where Defendant's records specifically evidence that no meal and/or rest

4 | periods were provided to Plaintiff and Class Members, Sports Authority refuses to provide these

5 | employees with one hour of compensation for these respective violations as mandated by California

6 | law. Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the

7 | one hour of compensation to any Class Member.

8 |     36.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

9 | herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting

10 | from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and

11 | proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are

12 | entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well

13 | as attorneys' fees, costs, and restitution, pursuant to statute.

14

15 | <center>**SECOND CAUSE OF ACTION**<br>**UNLAWFUL FAILURE TO PAY WAGES**<br>(Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)</center>

16

17 |     37.    Plaintiff incorporates in this cause of action each and every allegation of the

18 | preceding paragraphs, with the same force and effect as though fully set forth herein.

19 |     38.    During the Class Period, Plaintiff and Class Members performed work for

20 | Defendant, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The

21 | precise number of hours will be proven at trial.

22 |     39.    During the Class Period, Defendant refused to compensate Plaintiff and Class

23 | Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions

24 | of the California Labor Code.

25 |     40.    At all relevant times, Defendant was aware of, and was under a duty to comply

26 | with, the wage (including overtime) provisions of the California Labor Code including, but not

27 | limited to, California Labor Code §§ 200-204, 510, 1194 and 1198.

28

SCOTT COLE & ASSOCIATES, APC<br>ATTORNEYS AT LAW<br>THE WACHOVIA TOWER<br>1970 BROADWAY, NINTH FLOOR<br>OAKLAND, CA 94612<br>TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

41.   California Labor Code § 510 provides, in pertinent part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ...

42.   California Labor Code § 1194, in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

43.   Finally, California Labor Code § 1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

44.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Sports Authority, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class are entitled to recover penalties (including "waiting time" penalties of up to thirty days' wages, pursuant to California Labor Code § 203) in an amount to be established at trial, as well as attorneys' fees, costs, and restitution, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

45.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

46.   California Labor Code § 226(a) provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1     Each employer shall semi-monthly, or at the time of each payment of
      wages, furnish each of his or her employees either as a detachable part of
2     the check, draft or voucher paying the employee's wages, or separately
      when wages are paid by personal check or cash, an itemized wage
3     statement in writing showing: (1) gross wages earned; (2) total number of
      hours worked by each employee whose compensation is based on an hourly
4     wage; (3) all deductions, provided that all deductions made on written
      orders of the employee may be aggregated and shown as one item; (4) net
5     wages earned; (5) the inclusive date of the period for which the employee is
      paid; (6) the name of the employee and his or her social security number;
6     and (7) the name and address of the legal entity which is the employer.

7     47.    Moreover, California Labor Code § 226(e) provides:

8            An employee suffering injury as a result of a knowing and intentional
      failure by an employer to comply with subdivision (a) is entitled to recover
9     the greater of all actual damages or fifty dollars ($50) for the initial pay
      period in which a violation occurs and one hundred dollars ($100) per
10    employee for each violation in a subsequent pay period, not exceeding an
      aggregate penalty of four thousand dollars ($4,000), and is entitled to an
11    award of costs and reasonable attorney's fees.

12    48.    Finally, California Labor Code § 1174(d) provides:

13           Every person employing labor in this state shall ... Keep, at a central
      location in the state ... payroll records showing the hours worked daily by
14    and the wages paid to ... employees .... These records shall be kept in
      accordance with rules established for this purpose by the commission, but
15    in any case shall be kept on file for not less than two years.

16    49.    Defendant has failed to provide timely, accurate itemized wage statements to

17    Plaintiff and Class Members in accordance with California Labor Code § 226. Plaintiff is informed

18    and believes and, on that basis, alleges that none of the statements provided by Defendant accurately

19    reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class

20    Member.

21    50.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

22    herein, Plaintiff and the Plaintiff Class are entitled to recover penalties, in an amount to be

23    established at trial, as well as attorneys' fees and costs, pursuant to statute.

24

25                          **FOURTH CAUSE OF ACTION**
                      **FAILURE TO PAY WAGES ON TERMINATION**
26                          **(California Labor Code § 203)**

27    51.    Plaintiff incorporates in this cause of action each and every allegation of the

28    preceding paragraphs, with the same force and effect as though fully set forth herein.

1    52.    California Labor Code §203 provides that:

2         If an employer willfully fails to pay, without abatement or
         reduction, in accordance with Sections 201, 201.5, 202, and 205.5,
3         any wages of an employee who is discharged or who quits, the
         wages of the employee shall continue as a penalty from the due date
4         thereof at the same rate until paid or until an action therefor is
         commenced; but the wages shall not continue for more than 30
5         days.

6    53.    Numerous Class Members were employed by Defendant during the Class Period

7    and were thereafter involuntarily terminated or voluntarily resigned from their positions, yet were

8    not paid all wages due upon said termination or within 72 hours of said resignation of employment

9    therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by

10   Defendant.

11   54.    More than thirty days has elapsed since certain Class Members were involuntarily

12   terminated or voluntarily resigned from Defendant's employ.

13   55.    As a direct and proximate result of Defendant's willful conduct in failing to pay

14   said Class Members for all hours worked, affected Class Members are entitled to recover "waiting

15   time" penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to

16   be established at trial, together with interest thereon, and attorneys' fees and costs.

17                        FIFTH CAUSE OF ACTION
18   UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
                (California Business & Professions Code §§ 17200-17208)
19

20   56.    Plaintiff incorporates in this cause of action each and every allegation of the

21   preceding paragraphs, with the same force and effect as though fully set forth herein.

22   57.    Plaintiff further brings this cause of action seeking equitable and statutory relief to

23   stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts

24   Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

25   58.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or

26   fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208.

27   Specifically, Defendant conducted business activities while failing to comply with the legal

28   mandates cited herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

59.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

### SIXTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT CLAIM
### (California Labor Code §§ 2699)

60.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

61.     California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and   Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself or herself and other current or former employees...

62.     Plaintiff (and each and every other Class Member) is an "aggrieved employee," as defined by California Labor Code § 2699(c), because she was employed by Defendant and was one of many employees against whom violations of law were committed.

63.     Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendants for violations of (and/or recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, and/or 1198.

64.     Plaintiff brings this action on behalf of herself and all Class Members alleging violations of the California Labor Code sections cited in the preceding paragraph.

65.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    66.    As a further direct and proximate result of Defendant's unlawful conduct, as set

2   forth herein, Plaintiff and Class Members are entitled to recover various penalties as provided by

3   California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys'

4   fees, pursuant to statute.

5                                   **RELIEF SOUGHT**

6    **WHEREFORE**, the Representative Plaintiff, on behalf of herself and the proposed Plaintiff

7   Class, prays for judgment and the following specific relief against Defendants, and each of them,

8   jointly and separately, as follows:

9    1.    That the Court declare, adjudge, and decree that this action is a proper class action

10  and certify the proposed Class and/or any other appropriate subclasses pursuant to California Code

11  of Civil Procedure § 382;

12   2.    That the Court make an award to Plaintiff and Class Members of one hour of wages at

13  each employee's regular rate of compensation for each workday a meal period was not provided;

14   3.    That the Court make an award to Plaintiff and Class Members of one hour of wages at

15  each employee's regular rate of compensation for each workday a rest period was not authorized and

16  permitted;

17   4.    That the Court declare, adjudge, and decree that Defendants violated the wage

18  (including overtime) provisions of the California Labor Code and the applicable California Industrial

19  Welfare Commission Wage Order as to Plaintiff and Class Members;

20   5.    That the Court declare, adjudge, and decree that Plaintiff and Class Members were, at

21  all times relevant herein, entitled to overtime pay for work beyond eight hours in a day and/or forty

22  hours in a week;

23   6.    That the Court make an award to Plaintiff and Class Members of damages and/or

24  restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties

25  in an amount to be proven at trial;

26   7.    That the Court order Defendant to pay restitution to Plaintiff and Class Members as a

27  result of Defendant's unlawful activities, pursuant to California Business and Professions Code §§

28  17200-17208;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

8.      That the Court further enjoin Defendant, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

9.      For all other Orders, findings and determinations identified and sought in this Complaint;

10.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

11.     For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5; and,

12.     For costs of suit and any and all other such relief as the Court deems just and proper.


Dated: August 22, 2011

                              SCOTT COLE & ASSOCIATES, APC


                    By:     _Stephen Noel Ilg_____
                              Stephen Noel Ilg, Esq.
                              Attorneys for Representative Plaintiff and
                              the Plaintiff Class


### JURY DEMAND

Plaintiff and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.


Dated: August 22, 2011

                              SCOTT COLE & ASSOCIATES, APC


                    By:     _Stephen Noel Ilg_____
                              Stephen Noel Ilg, Esq.
                              Attorneys for Representative Plaintiff and
                              the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages Injunctive Relief and Restitution .

First Legal     4166263111     8/22/11

**ENDORSED**
**FILED**
SAN FRANCISCO COUNTY
SUPERIOR COURT CM-010

*FOR COURT USE ONLY*

**2011 AUG 22 AM 8: 07**

CLERK OF THE COURT

BY: _____ DEPUTY CLERK

D. STEPPE

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. #230117)
Stephen Noel Ilg, Esq. (S.B. #275599)
Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor, Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800    FAX NO.: (510) 891-7030
ATTORNEY FOR (Name): Representative Plaintiff Khanh Nielson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Nielson vs. The Sports Authority, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: 11-513562<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Six (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 22, 2011

Stephen Noel Ilg, Esq.
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

#### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# MEDIATION SERVICES

## What users are saying . . .

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"The BASF Mediation Services is the best deal in town and the mediator was the best I have ever experienced."

Vernon Bradley, Esq.
Bradley Law Offices

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

Robert P. Travis, Esq.
Travis and Pon

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Compagnoli, Abelson
& Compagnoli

"The [BASF] mediator was excellent. He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

**www.sfbar.org/mediation**
adr@sfbar.org or 415-982-1600

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialist
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBTI Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## WHAT IS BASF'S MEDIATION SERVICE?

Mediation Services was established in 2005 by the Bar Association of San Francisco (BASF). With extensive input from experienced mediators, litigators and judges. Our mediation service can assist with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our rigorous training and experience requirements. By going through BASF, you receive the services of these highly qualified mediators at a great value.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF. This fee covers the first hour of mediator preparation time and the first two hours of session time, but your mediation is not limited to three hours. Time beyond these three hours is paid at the mediator's normal hourly rate. To qualify for the pro-bono hours from our professional mediators, parties must file the Consent to Mediate form with BASF.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF to assist with the selection.

## WHY DO THE MEDIATORS GIVE FREE HOURS; IS THE SERVICE ONLY FOR "SMALL" MATTERS?

The mediators are professionals who have agreed to provide the free time as a service to BASF, allowing us to offer a unique mediation panel of high quality and value. Our mediators are available for any size case; we've handled everything from simple property disputes to complex business matters.

## WHY SHOULD I GO THROUGH BASF, CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

The BASF mediators are available privately but have also agreed to serve on our panel and provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the pro bono hours. Once you have filed with us, you will work directly with the mediator.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. The mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

The BASF mediators can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICE?

When you file the San Francisco court's stipulation to ADR, simply check the box indicating your choice as Mediation Services of BASF. Then complete BASF's Consent to Mediate form found on our website and file it with us, or call us for the form. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed the BASF Consent to Mediate form and paid the administrative fees, BASF can normally have you in touch with the mediator within a day or two. If you have a deadline, staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in dozens of areas of disputes. If you don't see the area you need in our 30+ panels found on our website, just contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Our website provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| | Case No. _____ |
| Plaintiff | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| v. | |
| Defendant | **DEPARTMENT 610** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ Private Mediation      ☐    Mediation Services of BASF    ☐    Judicial Mediation
☐ Binding arbitration                                                        Judge _____
☐ Non-binding judicial arbitration                                   Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

---

Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant      Dated: _____

---

Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant      Dated: _____

---

Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant      Dated: _____

☐ *Additional signature(s) attached*

---

ADR-2 05/11          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:                    Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Linda Colfax
The Honorable Michael Begert
The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss
The Honorable Charlotte W. Woolard

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07/2011 (rw)

*Khanh Nielson, et al, v. TSA Stores, Inc., et al.*

**Exhibit B**

**Defendant TSA Stores, Inc.'s Notice of Removal**



ENDORSED
F I L E D
Superior Court of California
County of San Francisco

SEP 2 1 2011

CLERK OF THE COURT
BY: MARY ANN MORAN
Deputy Clerk

1   Steven W. Moore, State Bar No. 193068
    steven.moore@ogletreedeakins.com
    Evan R. Moses, State Bar No. 198099
2   evan.moses@ogletreedeakins.com
    Erica K. Rocush, State Bar No. 262354
3   erica.rocush@ogletreedeakins.com
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4   Steuart Tower, Suite 1300
    One Market Plaza
5   San Francisco, CA 94105
    Telephone:    415.442.4810
6   Facsimile:    415.442.4870

7   Attorneys for Defendant
    THE SPORTS AUTHORITY, INC.
8

9         **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **IN AND FOR THE COUNTY OF SAN FRANCISCO**

11

12   KHANH NIELSON, individually and on
    behalf of all others similarly situated,
13

         Plaintiff,
14

    v.
15

    THE SPORTS AUTHORITY, INC., and
16   DOES 1 through 100, inclusive,

17          Defendant.

| | |
|---|---|
| Case No. CGC-11-513562 | |
| **ANSWER** | |
| Complaint Filed: | August 22, 2011 |
| Trial Date: | None Set |

18

19       Defendant The Sports Authority, Inc. ("Defendant" or "Sports Authority"), hereby files its

20 Answer to Plaintiff Khanh Nielson's ("Plaintiff") Complaint for Damages, Injunctive Relief, and

21 Restitution ("Complaint") as follows:

22                             **GENERAL DENIAL**

23       The Complaint is not verified. Thus, pursuant to Code of Civil Procedure Section 431.30(d),

24 Sports Authority denies generally each and all of the allegations in the Complaint, including, but not

25 limited to, the allegations that the putative class members who Plaintiff purports to represent and/or

26 Plaintiff are/is entitled to any of the relief requested, that Sports Authority has engaged in any

27 wrongful or unlawful conduct, and that Sports Authority's conduct or omissions caused any injury or

28

09/21/11                                                                    4156261381

damage to Plaintiff or any members of any class that Plaintiff purports to represent.

## AFFIRMATIVE DEFENSES

Without waiving any foregoing answers and defenses, Sports Authority asserts the following affirmative defenses to the Complaint.  For purposes of these affirmative defenses, the term the "Plaintiffs" incorporates and includes the named Plaintiff and any and all members of any putative class that the named Plaintiff purports to represent:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs failed to accurately report their hours worked and/or failed to accurately report their meal and/or rest periods, Plaintiffs' claims are barred by the doctrine of equitable estoppel.  Each of the purported claims set forth in the Complaint is also barred in whole or in part by the doctrine of estoppel in that, inter alia, Plaintiffs through their actions and representations led Defendant to believe that they were properly paid and received all meal and rest periods to which they were legally entitled.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitation, including, without limitation, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, and Cal. Bus. & Prof. Code § 17208.

## FIFTH AFFIRMATIVE DEFENSE

With respect to one or more of the purported claims set forth in the Complaint, Sports Authority alleges that Plaintiffs' claims, and each of them, are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

1

**SIXTH AFFIRMATIVE DEFENSE**

2         On information and belief, the claims of Plaintiffs and the putative class are barred by the

3  doctrines of Collateral Estoppel and/or Res Judicata to the extent the claims and issues have already

4  been litigated and adjudicated.

**SEVENTH AFFIRMATIVE DEFENSE**

5         Plaintiffs' claims fail to meet the requirements of a claim for class relief.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7         Plaintiffs have waived any right to assert each of the purported claims set forth in the

8  Complaint because, inter alia, they have unreasonably delayed asserting these claims after having

9  knowledge of the injuries alleged in the Complaint.

10

**NINTH AFFIRMATIVE DEFENSE**

11        With respect to each purported claim set forth in the Complaint, Plaintiffs failed to exhaust

12  available administrative remedies.

13

**TENTH AFFIRMATIVE DEFENSE**

14        Plaintiff and her counsel are not adequate representatives of those they purport to represent.

15

**ELEVENTH AFFIMATIVE DEFENSE**

16        For some of or all the claims asserted, individual issues of fact or law predominate over

17  common issues, and class treatment is not superior to other methods for fairly and efficiently

18  adjudicating this action.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20        Certain of Plaintiff's interests are or may be in conflict with the interests of those she

21  purports to represent.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23        Plaintiffs lack standing to assert some of or all the claims asserted.

24

**FOURTEENTH AFFIRMATIVE DEFENSE**

25        Plaintiffs are not entitled to liquidated or punitive damages because any alleged act or

26  omissions by Sports Authority was in good faith, and Sports Authority had reasonable grounds for

27  believing that its act or omission, if any, was not a violation of any applicable law.

28

FIRST LEGAL

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' alleged claims may not be properly maintained or certified as class and/or collective actions because Plaintiffs cannot satisfy the requirements necessary to maintain a class or collective action, including, without limitation, ascertainability, predominance, typicality, adequacy (both of the proposed representatives and proposed class counsel), and superiority.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of Plaintiffs' own negligence, misconduct, and unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of some putative class members are barred, in whole or in part, because, such putative class members waived and/or released Sports Authority from liability to them as alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any penalty award under Cal. Lab. Code §§ 203, 226, or 1174.5, or any other provision of California or federal law because at all relevant times, Sports Authority did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code or federal law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any award of penalties pursuant to Cal. Lab. Code § 2698-2699.5 to the extent that such award would be unjust, arbitrary, oppressive, or confiscatory.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any premium wages under Cal. Lab. Code §§ 226.7, 512, the wage orders of California's Industrial Welfare Commission, or any other provision of California law, because Plaintiffs were at all times provided, authorized, and permitted to take meal breaks and rest breaks as provided by law.

09/21/11

FIRST LEGAL

4156261381

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.* because she has not suffered any injury in fact and has not lost money or property as a result of unfair competition by Sports Authority.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring her cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.* because her claims are individual in nature and no alleged act or omission of Sports Authority harmed or threatened to harm the public or the public interest.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' cause of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.* is barred because Plaintiffs have an adequate remedy at law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.* are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process Clauses of the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of Sports Authority, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of the Plaintiffs' alleged damages, injuries and/or losses, if any.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of avoidable consequences because they unreasonably failed to take action to avoid their alleged damages, and some or all of their alleged damages would have been avoided by such action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any penalty award under Section 226 or any other provision of the California Labor Code or the United States Code because Plaintiffs did not suffer any injury due to the alleged conduct of Sports Authority.

FIRST LEGAL

4156261331

## RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

Because Plaintiffs' Complaint is couched in broad and conclusory terms, and Sports Authority has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiffs, Sports Authority cannot fully anticipate all defenses that may be applicable to this action. Accordingly the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Sports Authority prays for judgment as follows:

1.   That the Court deny Plaintiff's request to certify this action as a class action;

2.   That Plaintiff take nothing by way of the Complaint;

3.   That the Complaint be dismissed with prejudice;

4.   That the Court enter judgment for Sports Authority and against Plaintiff, on all of her alleged causes of action;

5.   That the Court award Sports Authority its costs and attorney fees incurred, including but not limited to costs and attorney fees pursuant to California Labor Code section 218.5; and

6.   That the Court grant Sports Authority such other and further relief as the Court deems just and proper.


DATED:  September 21, 2011                OGLETREE, DEAKINS, NASH, SMOAK &
                                          STEWART, P.C.



                                          By: _____
                                             Steven W. Moore
                                             Evan R. Moses
                                             Erica K. Rocush

                                          *Attorneys for Defendant*
                                          THE SPORTS AUTHORITY, INC.

09/21/11                                FIRST LEGAL                                    41562613 31

## PROOF OF SERVICE

### *Khanh Nielson, et al., v. The Sports Authority, Inc, et al.*
### San Francisco County Superior Court, Case No.: CGC-11-513562

I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105. On September 21, 2011, I caused delivery via <u>U.S. Mail</u>, on the party(ies) listed below the following document(s) described as:

- **The Sports Authority, Inc.'s Answer (with Proof of Service)**

on the persons below as follows:

**Attorneys for Plaintiff:**
Scott Edward Cole
Hannah Salassi
Scott Cole & Associates, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612

Tel: 510-891-9800
Fax: 510-891-7030

**X**   **U.S. Mail:** deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid. I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California (sent by Angelino Petrocelli).

☐   **E-Mail:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful (sent by Erica K. Rocush)

☐   **By Overnight Delivery:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **Personal Delivery:** For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to <u>plaintiff's address provided to **FirstLegal, Inc.**</u>

FIRST LEGAL                                    4156261331

1          **X**        (State) I declare under penalty of perjury under the laws of the State of California that
2   the above is true and correct.

3          Executed on September 21, 2011, at San Francisco California.

4   Angelino Petrocelli _____            _____
                                                              Signature
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Khanh Nielson, et al, v. TSA Stores, Inc., et al.*

**Exhibit C**

**Defendant TSA Stores, Inc.'s Notice of Removal**

1   Steven W. Moore, State Bar No. 193068
    steven.moore@ogletreedeakins.com
2   Evan R. Moses, State Bar No. 198099
    evan.moses@ogletreedeakins.com
3   Erica K. Rocush, State Bar No. 262354
    erica.rocush@ogletreedeakins.com
4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
5   One Market Plaza
    San Francisco, CA  94105
6   Telephone:    415.442.4810
    Facsimile:    415.442.4870
7
    Attorneys for Defendant
8   **TSA STORES, INC. (d/b/a Sports Authority) , erroneously sued**
    **as THE SPORTS AUTHORITY, INC.**
9

10                      **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12

13  KHANH NIELSON, individually and on          Case No.
    behalf of all others similarly situated,
14                                              **DECLARATION OF DENISE BYRNES IN**
                    Plaintiff,                  **SUPPORT OF DEFENDANT'S NOTICE OF**
15                                              **REMOVAL**
           v.
16
    THE SPORTS AUTHORITY, INC., and
17  DOES 1 through 100, inclusive,

18                  Defendant.                  Complaint Filed:       August 22, 2011

19

20  I, Denise Byrnes, declare as follows:

21          1.      I have been employed by The Sports Authority, Inc. ("Sports Authority" or

22  "Company") since August 22, 2001.  I currently hold the position of Group Manager of Payroll.  In

23  this capacity, I have knowledge of, among other things, Sports Authority's pay practices, the

24  hourly wage paid to Khanh Nielson, and various time keeping and payroll data as described in this

25  declaration.

26          2.      The facts stated herein are known to me based on my personal knowledge and on

27  Sports Authority's business records.  In preparing this declaration, I reviewed the payroll data for

28  Sports Authority's California non-exempt employees.  If called to testify, I could and would

1  competently testify to the contents of this declaration.

2       3.    Sports Authority is a Delaware corporation with its principal place of business in

3  Englewood, Colorado.

4       4.    The majority of Sports Authority's executive functions occur in Colorado.

5       5.    Sports Authority's corporate administrative functions, including payroll, accounting,

6  marketing, and information systems, are performed in Colorado.

7       6.    To the extent Sports Authority's officers direct, control, and/or coordinate the

8  corporation's activities, such conduct and decisions take place from the Company's headquarters in

9  Colorado.

10       7.    Sports Authority is not and has not been incorporated in California and has not had

11  its headquarters, executive offices, or principal place of business in California.

12       8.    Khanh Nielson works as a full-time associate assigned to the position of Lead Price

13  Audit for Sports Authority in our Sunnyvale, California store.

14       9.    Khanh Nielson first started working for Sports Authority on May 23, 2007, and

15  continues to work for the Company today.

16       10.    According to Sports Authority's corporate records, Khanh Nielson is a resident of

17  California, maintains her primary residence in California, and is a citizen of the State of California.

18  Attached hereto is a true and correct copy of Employment Eligibility Verification (Form I-9),

19  reflecting Khanh Nielson's address, residence and citizenship information.

20       11.    Khanh Nielson currently earns $13.30 per hour.

21       12.    During the period from August 22, 2007 through the present, Khanh Nielson's

22  average hourly wage was $ 13.90.

23       13.    During the period from August 22, 2007 through August 22, 2011, Sports Authority

24  employed over 9,400 individuals as non-exempt employees in its California retail locations

25  (referred to herein as "Putative Class Members"). During this same period, at least 5,000 of the

26  more than 9,400 Putative Class Members terminated their employment with Sports Authority.

27       14.    The Putative Class Members who were employed by Sports Authority from August

28  22, 2007 through August 22, 2011 worked at least 441,800 weeks in total.

1    15.    The average hourly wage of the Putative Class Members during the period from

2  August 22, 2007 through August 22, 2011 was at least $11.97.  The Putative Class Members were

3  paid every two weeks.  During the period August 22, 2007 through August 22, 2011, at least

4  117,000 paychecks were issued to Putative Class Members.

5    16.    During the period from August 22, 2008 through August 22, 2011, Sports Authority

6  employed at least 7,100 Putative Class Members at the average hourly wage of at least $11.50 per

7  hour.

8    17.    The average daily wage (assuming 8 hours worked based on Section 203 of the

9  California Labor Code) for a Putative Class Member during the period from August 22, 2008

10  through August 22, 2011 was at least $92.00 (8 hours x $11.50/hr).  During that period, at least

11  4,800 of these Putative Class Members terminated their employment with Sports Authority.

12    18.    During the period from August 22, 2010 through August 22, 2011, Sports Authority

13  employed at least 2,400 Putative Class Members who worked a total of approximately 33,600

14  workweeks, at the average hourly wage of approximately $12.19.  At least 16,500 paychecks were

15  issued to Putative Class Members during the period from August 22, 2010 to August 22, 2011.

16    19.    During the one year preceding the filing of the Complaint, (i.e. from August 22,

17  2010 through August 22, 2011), approximately 2,400 Putative Class Members worked a total of

18  16,800 pay periods.  Over 16,500 paychecks were issued to Putative Class Members during the

19  period August 22, 2010 through August 22, 2011.

20    I declare under penalty of perjury pursuant to the laws of the State of Colorado that the

21  foregoing is true and correct and is executed this 15th day of September, 2011, at Englewood,

22  Colorado.

23                                    _Denise Byrnes_

24                                    DENISE BYRNES

25

26  10972992.3 (OGLETREE)

27

28

DECLARATION OF DENISE BYRNES IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0047; Expires 03/31/07
**Employment Eligibility Verification**

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. ANTI-DISCRIMINATION NOTICE: It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins.

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| Nielson | Khanh | N | Nielson |

| Address   (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 555 e. Washington Ave. | 107 | 02/11/85 |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| Sunnyvale | Ca | 94086 | 562 - 83 - 0835 |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
- [x] A citizen or national of the United States
- [ ] A Lawful Permanent Resident (Alien #) A _____
- [ ] An alien authorized to work until ___ / ___ / ___
  (Alien # or Admission #) _____

| Employee's Signature | Date (month/day/year) |
|---|---|
| | 11-7-08 |

**Preparer and/or Translator Certification.** (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address  (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C, as listed on the reverse of this form, and record the title, number and expiration date, if any, of the document(s).

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: | | CA Driver License | | Social Security Card |
| Issuing authority: | | DMV | | Social Security Admin |
| Document #: | | D5400502 | | 562 83 0835 |
| Expiration Date (if any):  /  / | | 02 / 11 / 2001 | | N/A |
| Document #: | | | | |
| Expiration Date (if any):  /  / | | | | |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) 5 / 23 / 2007 and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment.)

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| | Aaron Frank | Ops Mngr |

| Business or Organization Name | Address  (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| SPORTS AUTHORITY | 125 E. El Camino Road  Sunnyvale, CA 94086 | 11-7-2008 |

**Section 3. Updating and Reverification.** To be completed and signed by employer.

| A. New Name  (if applicable) | B. Date of rehire  (month/day/year) (if applicable) |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

| Document Title: | Document #: | Expiration Date (if any):  /  / |
|---|---|---|

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|
| | |

NOTE: This is the 1991 edition of the Form I-9 that has been rebranded with a current printing date to reflect the recent transition from the INS to DHS and its components.

Form I-9 (Rev. 05/31/05)Y Page 2

Unicru, Inc.  Confidential.  All Rights Reserved.  Copyright 2006.  Not for redistribution or reproduction.

*Khanh Nielson, et al, v. TSA Stores, Inc., et al.*

**Exhibit D**

**Defendant TSA Stores, Inc.'s Notice of Removal**

1  Steven W. Moore, State Bar No. 193068
   steven.moore@ogletreedeakins.com
2  Evan R. Moses, State Bar No. 198099
   evan.moses@ogletreedeakins.com
3  Erica K. Rocush, State Bar No. 262354
   erica.rocush@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA  94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   Attorneys for Defendant
8  THE SPORTS AUTHORITY, INC.

9

10          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF SAN FRANCISCO**

12

13  KHANH NIELSON, individually and on         Case No. CGC-11-513562
    behalf of all others similarly situated,
14                                             **NOTICE OF REMOVED ACTION**
                   Plaintiff,
15
          v.
16
    THE SPORTS AUTHORITY, INC., and            Complaint Filed:    August 22, 2011
17  DOES 1 through 100, inclusive,             Trial Date:         None Set

18                 Defendant.

19

20

21          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF KHANH

22  NIELSON AND HIS COUNSEL OF RECORD:

23          PLEASE TAKE NOTICE that on September 22, 2011, The Sports Authority, Inc.,

24  Defendant in the above-entitled action, filed their Notice of Removal in the United States District

25  Court for the Northern District of California, for the removal of this action to that Court.  A true

26  and correct copy of said **Notice of Removal** is attached hereto as Exhibit A.

27  //

28  //

1    This Notice of Removed Action, served herewith on Plaintiff and filed this date with the

2    San Francisco Superior Court, hereby effects removal of this action pursuant to 28 U.S.C.

3    § 1446(b).

4    Defendants respectfully request that this Court proceed no further in this action unless and

5    until such time as the action may be remanded by order of the United States District Court for the

6    Northern District of California.

7

8

9    DATED: September _22_, 2011

        OGLETREE, DEAKINS, NASH, SMOAK &
10      STEWART, P.C.

11

12      By: _____

13          Steven W. Moore
            Evan R. Moses
14          Erica K. Rocush

15          *Attorneys for Defendant*
            THE SPORTS AUTHORITY, INC.

16

17   11012615.1 (OGLETREE)

18

19

20

21

22

23

24

25

26

27

28

2                                    Case No. CGC-11-513562
NOTICE OF REMOVED ACTION