Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KHANH NIELSON, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE SPORTS AUTHORITY, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants | Case No. CV-11-4724 SBA<br><br>**<u>CLASS</u> <u>ACTION</u>**<br><br>**[PROPOSED] ORDER: (1) GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT; (2) GRANTING CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS; (3) APPOINTING CLASS COUNSEL; (4) APPOINTING CLASS REPRESENTATIVE; (5) APPOINTING CLAIMS ADMINISTRATOR; AND (6) APPROVING FIRST AMENDED COMPLAINT, CLASS NOTICE PACKAGE AND TIMELINE FOR ADMINISTRATION**<br><br>Date:　October 9, 2012<br>Time:　1:00 p.m.<br>Dept.:　Courtroom 1 - 4th Floor<br>Judge:　Saundra Armstrong |

The Court, having carefully considered the briefs, argument of counsel and all matters presented to the Court, and good cause appearing, hereby **ORDERS THAT**:

　　　1.　　This Court preliminarily approves the Stipulation re Class Action Settlement between Plaintiff, on Behalf of Herself, and all Others Similarly Situated, and Defendant TSA Stores, Inc.

1  d/b/a Sports Authority ("Settlement") and finds that the Settlement is within the "range of reasonableness" as to the Settlement Class, and that it is the product of good faith negotiations between the parties.

2. The Court hereby conditionally certifies the proposed Settlement Class contained therein and conditionally finds that, solely for the purposes of approving this settlement and for no other purpose and with no other effect on this litigation, the proposed Settlement Class meets the requirements for certification under Federal Rules of Civil Procedure, Rules 23(a) and 23(b), including that: (a) the proposed class is ascertainable and so numerous that joinder of all members of the class is impractical; (b) there are predominant questions of law or fact common to the proposed class, and there is a well defined community of interest amongst the members of the proposed class with respect to the subject matter of the litigation; (c) the claims of the Representative Plaintiff Khanh Nielson are typical of the claims of the members of the proposed class; (d) Representative Plaintiff Khanh Nielson and Class Counsel will fairly and adequately protect the interests of the members of the class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Class Counsel is qualified to act as counsel for the Representative Plaintiff in her individual and representative capacities.

3. The Court hereby approves the First Amended Complaint, correcting the name of Defendant and Class Definition, in accordance with the terms of the Settlement, in the form attached to the Settlement as Exhibit D, and deems said First Amended Complaint filed as of the date of this Order.

4. The Court provisionally finds Scott Cole & Associates, APC to be sufficiently experienced and proficient in class action proceedings that they may act as Class Counsel and are, therefore, appointed as such.

5. The Court provisionally appoints Representative Plaintiff Khanh Nielson as Class Representative.

6. The Court grants Class Counsel permission to obtain bids from various companies for the administration of this Settlement and grants permission for the Parties to then select the most cost efficient bidder as Claims Administrator.

[Proposed] Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement

1    7.    Notice shall be provided to Settlement Class members as set forth in the Settlement. Defendant will provide the Claims Administrator with the name, last known home address, home telephone number, email address, social security number and data pertaining to the dates of employment for of each and every person within the class definition. This data is within Defendant's employment records.

2    8.    Attached to the Settlement Agreement are the Class Notice (Exhibit A), Claim Form (Exhibit B), and Request for Exclusion Form (Exhibit C) (collectively the "Class Notice Package"). The Class Notice Package will be mailed within 10 calendar days of the Court granting preliminary approval of the Settlement. Plaintiff Class Members shall not be required to pay return postage on the Claim Form and the cost of such postage shall be included in the fees and costs of the Settlement Administrator.

3    9.    Objections to the Settlement must be filed with the clerk of the court and served on Class Counsel and Defendant's Counsel no later than thirty (30) calendar days after the Class Notice Package is sent (or not more than ten (10) calendar days after the date the Class Notice is re-mailed).

4    10.    At least 14 calendar days prior to the Final Approval Hearing, Plaintiff will file a motion for final approval and judgment, for reimbursement of attorneys' fees and litigation costs, for reimbursement of costs associated with the claims administration of this settlement, an enhancement award to the Representative Plaintiff for his service to the Class, as well as a declaration from the Claims Administrator showing its efforts to mail the Class Notice Package.

5    11.    The final approval hearing shall be held on _____, 2012, at _____ a.m., in Courtroom 1 (4th floor) of this Court, to determine whether the proposed Settlement is fair, adequate, reasonable, and should be approved. Plaintiff's papers in support of the Settlement, and any application for award of attorneys' fees, costs, and expenses to Class Counsel, payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 et seq., and any application for a service payment to the Representative Plaintiff, shall be filed with the Court on or before _____, 2012. Should the proposed Settlement be approved, following the final approval

1  hearing, the Court shall enter judgment in accordance with the Settlement that will adjudicate the
2  rights of all Class Members who do not opt out, including the named Plaintiff.
3        12.    Class Counsel shall provide the Court, at least five (5) calendar days prior to the final
4  approval hearing, a declaration by the Settlement Administrator of due diligence and proof of
5  mailing with regard to the mailing of the Class Notice.
6        13.    Unless otherwise modified by the Court, the dates for performance are as follows:

| Date/Triggering Event: | Event: |
|---|---|
| October 9, 2012 | Court orders preliminary approval of Settlement and conditional certification of class. |
| [5 days after Preliminary Approval]: October 15, 2012 | Deadline for Defendant to provide the Settlement Administrator and Class Counsel the database containing class member information. |
| [10 days after Preliminary Approval]: October 19, 2012 | Deadline for Claims Administrator to mail Class Notice Package. |
| [30 calendar days after the Class Notice Package is sent (or not more than ten (10) calendar days after the date the Class Notice is re-mailed)] | Last day for Class Members to file claims, object to, or opt out of the Settlement. |
| [14 days before Final Approval Hearing] | Last Day for counsel to file Motion for Final Approval |
| [5 days before Final Approval Hearing] | Last Day for counsel to provide the Court a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice. |

**IT IS SO ORDERED.**

Dated: _____      _____
                                              The Honorable Saundra Brown Armstrong
                                              United States District Court Judge