UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KHANH NIELSON, individually, and on
behalf of all others similarly situated,

                    Plaintiffs,

          vs.

THE SPORTS AUTHORITY, and DOES 1
through 100, inclusive,

                    Defendants.

Case No:  C 11-4724 SBA

**ORDER (1) DISCHARGING
ORDER TO SHOW CAUSE RE
DISMISSAL AND (2) APPROVING
RENEWED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Dkt. 32

          Plaintiff Khanh Nielson ("Plaintiff") brings the instant putative wage and hour class

action on behalf of herself and all other non-exempt employees of The Sports Authority

("Defendant").  From 2007 to March 2011, Plaintiff worked for Defendant, a sporting

goods retailer, as a non-exempt employee.  During that time period, she, along with other

non-exempt retail employees, allegedly were subject to off-the-clock "mandatory security

checks" of their personal belonging whenever they left the store—even while on a meal or

rest break.  She filed this putative class action, claiming that Defendant's policy and

concomitant failure to compensate non-exempt employees violates the California Labor

Code.

//

//

The Court previously denied Plaintiff's motion for preliminary approval due to her failure to adequately support her various requests. In response to the Court's concerns, the parties revised their settlement, and on June 7, 2013, filed a "Stipulated Ex Parte Application" for preliminary approval. Dkt. 32.

On July 8, 2013, the Court denied the ex parte application. Dkt. 35. The Court found that the ex parte application was an improper attempt to circumvent the law and motion cut-off, which had already lapsed. In addition, the Court expressed concern that there was no evidence that Plaintiff had been injured by Defendant's security policy, thereby raising questions as to whether she has standing. In view of these concerns, the Court issued an order to show cause ("OSC") directing the parties to demonstrate why the action should not be dismissed for lack of subject matter jurisdiction and/or for failure to comply with a Court order. See Nielson v. The Sports Authority, No. C 11-4724 SBA, 2013 WL 3388534 (N.D. Cal. July 8, 2013).

The parties have now timely responded to the OSC. Dkt. 36, 37. Having read and considered the papers filed in response to the OSC, as well as the documents initially filed with the parties' renewed motion for preliminary approval, the Court vacates the OSC and preliminarily approves the revised class settlement.[1]

## I.   BACKGROUND

The parties are familiar with the facts of this case which are summarized only to the extent necessary for purposes of the instant matter.

On August 22, 2011, the law firm of Scott Cole & Associates ("SCA") filed the instant action in state court on behalf of Plaintiff, individually, and on behalf of "[a]ll

---

[1] The Court previously denied the parties' renewed motion for preliminary approval based on omissions in their factual showing. Given Plaintiff's additional factual proffer, which is accompanied by a reasonable explanation as to why such information was not provided earlier, the Court sua sponte reconsiders its denial of the renewed motion for preliminary approval based on the newly-submitted information. See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001) (holding that a district court has discretion to reconsider its own prior order sua sponte, as "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment.").

persons who are and/or were employed as non-exempt employees by The Sports Authority, Inc. in one or more of its California retail stores between August 22, 2007 and the present." Compl. ¶ 20.  The Complaint alleges state law causes of action for:  (1) failure to provide meal and rest periods; (2) failure to pay wages (straight time, overtime, premium pay, and minimum wage); (3) failure to provide accurate itemized or properly formatted wage statements; (4) failure to pay wages upon termination or timely upon/after termination; (5) unfair business practices in violation of Cal. Business and Professions Code section 17200, et seq.; and (6) violation of the California Private Attorney General Act, Cal. Labor Code section 2699 et seq.  The Complaint also seeks waiting time penalties under Labor Code section 203, pre-judgment interest, and attorneys' fees and costs.  Defendant removed the action to this Court on September 22, 2011, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), and the Class Action Fairness Act, id. § 1332(d)(2).  Dkt. 1.

In July 2012, the parties mediated their dispute before attorney Mark Rudy and reached a tentative settlement.  Thereafter, on August 31, 2012, Plaintiff filed a motion for preliminary approval, which sought preliminary approval for a $2.5 million settlement (with an unrestricted reversion to Defendant of any unclaimed net settlement funds), conditional certification of the settlement class under Rule 23(a) and (b)(3), the appointment of SCA as class counsel, the appointment of Plaintiff as the class representative, authorization for Plaintiff's counsel to solicit bids from prospective claims administrators and permission to disseminate notice to Class Members.  Dkt. 24.

On November 27, 2012, the Court denied Plaintiff's motion for preliminary approval on several grounds.  Nielson v. The Sports Authority, No. C 11-4724 SBA, 2012 WL 5941614 (N.D. Cal. Nov. 27, 2012), Dkt. 28.  With regard to the matter of conditional class certification, the Court found that Plaintiff had failed to carry her burden under Rule 23(a) and (b)(3) with regard to commonality, typicality, adequacy of representation, predominance and superiority.  Id. at *3-5.  Much of the Court's concern arose as a result of Plaintiff's failure to specify the nature of her position and duties as well as the alleged policy that formed the basis of her claims.  The Court further concluded that Plaintiff had

1  failed to provide sufficient information for an assessment of whether the proposed

2  settlement is reasonable. Id. at *6. Finally, the Court expressed concerns regarding the

3  proposed class notice. Id.

4       On June 7, 2013, a month after the law and motion cut-off had lapsed, the parties

5  submitted a 24-page document entitled, "Stipulated Ex Parte Application for Order:

6  (1) Granting Preliminary Approval of Class Action Settlement; (2) Granting Conditional

7  Certification of the Settlement Class; (3) Appointing Class Counsel, Class Representative

8  and Claims Administrator; and (4) Approving First Amended Complaint, Class Notice,

9  Claim Form, Request For Exclusion Form." Dkt. 32. In an effort to rectify the deficiencies

10 of her first motion, Plaintiff modified certain of the settlement terms[2] and submitted a

11 declaration to clarify her job titles and the nature of the security policy at issue. However,

12 Plaintiff's declaration was silent as to whether she personally experienced or was harmed

13 by Defendant's security check policy. Indeed, all of her allegations in that declaration were

14 made on information and belief, suggesting that she had not.

15      The Court construed the parties' ex parte application as a renewed motion for

16 preliminary approval and denied said motion on two grounds. First, the Court found that

17 the parties' renewed motion was untimely because they neither sought nor obtained leave to

18 extend the law and motion cut-off. Second, the Court concluded that there were serious

19 concerns regarding whether Plaintiff had standing to maintain the action. Accordingly, the

20 Court issued an OSC directing the parties to show cause why the instant action should or

21 should not be dismissed for lack of standing, or alternatively, for violation of a Court order,

22 pursuant to Federal Rule of Civil Procedure 41(b). See Order Denying Renewed Motion

23 for Preliminary Approval of Class Action Settlement and Order to Show Cause Re

24 Dismissal ("OSC") Dkt. 35.

25

26      [2] In response to the Court's observations in its Order denying the initial motion for preliminary approval, the parties revised the terms of the settlement by replacing the
27 reversion provision with a stipulation that at least 80% of the net settlement proceeds will be distributed to the class. In addition, the parties extended the period for Class Members
28 to submit a claim.

On July 15, 2013, and July 19, 2013, Plaintiff and Defendant, respectively, timely filed responses to the OSC.  Both agree that Plaintiff was personally subjected to the security policy at issue and that she has standing to pursue the instant claims on behalf of herself and the class.  They also contend that the failure to seek leave to file a renewed motion for preliminary approval was inadvertent.  As such, both parties request that the Court discharge the OSC and preliminarily approve the revised class settlement.

II.   **DISCUSSION**

   A.   ORDER TO SHOW CAUSE

The threshold question presented is whether the parties' responses to the OSC adequately address the Court's concerns regarding Plaintiff's Article III standing.  They have.  Constitutional standing is established by showing: (1) an injury in fact, which is a violation of a protected interest, that is both (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  The standing requirement applies to class representatives who must, in addition to being a member of the class she purports to represent, establish the existence of a case or controversy.  O'Shea v. Littleton, 414 U.S. 488, 494 (1974).  A "class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982) (quotation omitted).  The party seeking relief "bears the burden of showing that he has standing for each type of relief sought."  Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

In its OSC, the Court expressed concern that Plaintiff may not have suffered the same injury as the class, let alone any injury at all, as a result of Defendant's security policy.  OSC at 7-9.  That concern arose from the supporting declaration of Plaintiff, which was devoid of any allegation that she was personally subjected to the policy at issue.  In her response to the OSC, Plaintiff acknowledges that her declaration lacked the requisite specificity and failed to expressly allege that she was subjected to and injured by

1   Defendant's policy.  Pl.'s Response at 9, Dkt. 36.  She explains, however, that the omission

2   of such information was due in large part to Defendant's insistence that Plaintiff avoid

3   making any statements regarding its liability for such policy.  Id.  Notably, Defendant

4   acknowledges as much in its brief.  Def.'s Response at 2, Dkt. 37.  In addition, Plaintiff has

5   now filed a supplemental declaration which confirms that she, like other of Defendant's

6   retail non-exempt employees, in fact, was subject to and injured by Defendant's security

7   policy.  Nielson Decl. ¶¶ 6-14, Dkt. 36-2.  The Court is therefore satisfied that Plaintiff has

8   satisfied her burden of establishing standing.

9          The second issue raised in the OSC pertained to the parties' apparent attempt to

10   circumvent the law and motion deadline set in the Court's Order for Pretrial Preparation.

11   OSC at 9-10.  Plaintiff indicates that the parties submitted a renewed motion for

12   preliminary approval in the form of a joint ex parte application, as opposed to a noticed

13   motion, because "the parties understood (apparently mistakenly), that the motion cut-off

14   did not apply to settlement efforts."  Pl.'s Response at 4.  According to Plaintiff, since a

15   settlement may be reached at any point prior to judgment, "it seemed logical that a request

16   for approval could be brought at any time."  Id.  Defendant likewise indicates that the

17   parties believed that a motion to approve a settlement could be brought at will, particularly

18   given that the final, mandatory settlement conference had been scheduled to take place after

19   the law and motion cut-off.  Def.'s Response at 3.

20          The parties' explanation for filing an untimely, renewed motion for preliminary

21   approval is unavailing.  While it is true that a settlement requiring judicial approval may be

22   reached after a law and motion cut-off, it does not logically follow that such deadline is

23   inapplicable to motions to approve a settlement.  As the Ninth Circuit has explained, "[a]

24   scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

25   disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d

26   604, 610 (9th Cir. 1992) (internal quotations omitted).  Thus, upon revising their settlement,

27   the appropriate course of action would have been for the parties to inform the Court of the

28

1   recent developments regarding the settlement, and to request leave to modify the pretrial

2   order in order to accommodate a renewed motion for preliminary approval.

3          The above notwithstanding, the "drastic" sanction of dismissal of the action under

4   Rule 41(b) for failure to comply with a court order is not warranted in this instance.

5   Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting forth factors for dismissal

6   under Rule 41(b) and directing court's to consider alternatives to dismissal, if warranted).

7   Rather, the Court finds that interests of the class and the public will be better served by

8   consideration of the proposed, revised settlement, as opposed to the dismissal of the action

9   for failure to comply with a court order.  Accordingly, the Court discharges the OSC and

10  now considers the parties' renewed motion for preliminary approval, taking into account

11  the supplemental information provided with Plaintiff's response to the OSC.

12         **B.      PRELIMINARY APPROVAL**

13         Federal Rule of Civil Procedure 23(e) requires the court to determine whether a

14  proposed settlement is "'fundamentally fair, adequate, and reasonable.'"  Staton v. Boeing

15  Co., 327 F.3d 938, 952 (9th Cir. 2003) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011,

16  1026 (9th Cir. 1998)).  "The purpose of Rule 23(e) is to protect the unnamed members of

17  the class from unjust or unfair settlements affecting their rights."  In re Syncor ERISA

18  Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).  "The initial decision to

19  approve or reject a settlement proposal is committed to the sound discretion of the trial

20  judge."  Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982).

21         To make a fairness determination, the district court must balance a number of

22  factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and

23  likely duration of further litigation; (3) the risk of maintaining class action status

24  throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

25  completed, and the stage of the proceedings; (6) the experience and views of counsel;

26  (7) the presence of a governmental participant; and (8) the reaction of the class members to

27  the proposed settlement.  See Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003).  In

28  conducting this evaluation, it is neither for the court to reach any ultimate conclusions

regarding the merits of the dispute, nor to second guess the settlement terms.  <u>See</u> <u>Officers</u>
<u>for Justice v. San Fran. Civ. Serv. Comm'n</u>, 688 F.2d 615, 625 (9th Cir. 1982).

Given that some of the aforementioned "fairness" factors cannot be fully assessed
until the Court conducts the final approval hearing, "a full fairness analysis is unnecessary
at this stage."  <u>Alberto v. GMRI, Inc.</u>, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal
quotations and citation omitted).   Rather, preliminary approval of a settlement and notice
to the proposed class is appropriate:  if "[1] the proposed settlement appears to be the
product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies,
[3] does not improperly grant preferential treatment to class representatives or segments of
the class, and [4] falls with the range of possible approval...."  <u>In re Tableware Antitrust</u>
<u>Litig.</u>, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation,
Second § 30.44 (1985)).

The factors set forth in <u>In re Tableware Antitrust Litigation</u> weigh in favor of
preliminarily approving the settlement.  First, the settlement resulted from non-collusive
negotiations; i.e., a mediation before Mark Rudy, a respected employment attorney and
mediator.  Second, there are no obvious deficiencies.  To the contrary, the settlement
confers tangible monetary benefits to the class under which at least 80% of the net
settlement proceeds will be paid to Class Members.  There is no indication that the
settlement improperly grants preferential treatment to class representatives or segments of
the class.  Finally, based on its experience with similar actions, the Court finds that the
settlement appears to fall within the range of possible approval.

### C.   CONDITIONAL CLASS CERTIFICATION

Plaintiff seeks conditional certification of a settlement class under Rule 23(a) and
(b)(3).  A class action will only be certified if it meets the four prerequisites identified in
Federal Rule of Civil Procedure 23(a) *and* additionally fits within one of the three
subdivisions of Federal Rule of Civil Procedure 23(b).  <u>Amchem Prods., Inc. v. Windsor</u>,
521 U.S. 591, 614 (1997).  "The four requirements of Rule 23(a) are commonly referred to
as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or just

'adequacy'), respectively." <u>United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.</u>, 593 F.3d 802, 806 (9th Cir. 2010). Certification under Rule 23(b)(3) is appropriate where common questions of law or fact predominate and class resolution is superior to other available methods. Fed. R. Civ. P. 23(b)(3). Although a district court has discretion in determining whether the moving party has satisfied each Rule 23 requirement, the court must conduct a rigorous inquiry before certifying a class. <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 161 (1977); <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 981 (9th Cir. 2011).

### 1.    Rule 23(a)

#### a)    *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ.P. 23(a)(1). The class also must be "ascertainable." <u>Mazur v. eBay Inc.</u>, 257 F.R.D. 563, 567 (N.D. Cal. 2009). In its prior order, the Court found that Plaintiff provided adequate support to satisfy Rule 23's numerosity and ascertainability requirements. <u>See</u> Order Denying Motion for Preliminary Approval at 4-5, Dkt. 28.

#### b)    *Commonality*

"Commonality focuses on the relationship of common facts and legal issues among class members." <u>Id.</u> Rule 23(a)(2) should be construed permissively, meaning that "[a]ll questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." <u>Id.</u> (quoting <u>Hanlon</u>, 150 F.3d at 1019).

The Court previously found that Plaintiff's showing of commonality was deficient because she had failed to present sufficient information regarding her job duties, thereby impeding a determination of whether issues of fact and law were common to the class. Dkt. 28 at 5. In her supplemental declaration, Plaintiff clarifies that her and the Class Members' job duties are not pertinent to the claims at issue, since *all* non-exempt employees were subject to the security inspection policy. With that clarification, the Court is now satisfied

that Plaintiff has sufficiently met the requirements for commonality for purposes of conditional class certification.

### c)  *Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

In her prior motion for preliminary approval, Plaintiff alleged, without elaboration, that "[t]ypicality is met here as the claims of the Settlement Class are based on the same legal and factual claims as that of the Plaintiff." Dkt. 28 at 6. The Court found Plaintiff's conclusory assertion insufficient to establish typicality. However, as discussed above, Plaintiff has now clarified that she and fellow Class Members were not properly compensated due to Defendant's policy of requiring them to undergo off-the-clock security inspections. This suffices for purposes of meeting the typicality requirement. See Dilts, 267 F.R.D. at 633.

### d)  *Adequacy*

Finally, Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Ellis, 657 F.3d at 985.

The Court previously found that it was unable to assess the aforementioned issues due to Plaintiff's failure to provide information regarding the nature of her job position. Dkt. 28 at 6. However, Plaintiff's clarification of the theory of her case adequately assuages the Court's concerns. As such, the Court finds that there is no indication that there is any conflict of interest between the class and Plaintiff and/or her counsel. In

addition, the record shows that Plaintiff and her counsel have been vigorously litigating this case in furtherance of the interests of the class.

### 2. Rule 23(b)(3)

A class may be certified under Rule 23(b)(3) if the Court finds that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  These requirements are called the "predominance" and "superiority" requirements.  See Hanlon, 150 F.3d at 1022-23.

In its prior order, the Court found that Plaintiff's vague references to company-wide policies were insufficient to satisfy the predominance and superiority requirements.  Dkt. 28 at 7.  Plaintiff has rectified this deficiency by supplying the Court with the details of Defendant's alleged policy of failing to compensate non-exempt employees for time spent having their bags inspected while on a meal or rest break.  Claims based on this type of commonly-applied policy are generally sufficient for purposes of satisfying the requirements of Rule 23(b)(3).  See, e.g., Wright v. Linkus Enters., Inc., 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance, despite minor factual difference between individual class members, where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F. Supp. 2d 1053, 1065-68 (N.D. Cal. 2007) (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members); Gardner v. GC Servs., LP, No. 10cv0997-IEG (CAB), 2011 WL 5244378, at *5 (S.D. Cal. Nov. 1, 2011) (finding that Rule 23(b)(3) was satisfied where "the claims stem from GC Services' alleged uniform policy of requiring account representative to perform certain pre-shift, post-shift, and lunch time tasks without compensation . . . .").

In sum, the record is sufficient to support conditional certification of the class under Rule 23(a) and (b)(3).

**D.    CLASS NOTICE**

Rule 23 provides that where a proposed settlement has been reached by the parties, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).[3]  Notice must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. Mendoza v. United States, 623 F.2d 1338, 1352 (9th Cir. 1980).  In order to satisfy due process considerations, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994).

In connection with the first motion for preliminary approval, the Court expressed concern that the parties' agreement only afforded Class Members thirty days to submit their claim forms.  The parties have since revised the settlement agreement to provide for a sixty day claims period.  This is sufficient to address the Court's concerns that the notice period is too short.  However, the Class Notice should be modified to indicate that objections must be *post-marked* by the specified deadline, as opposed to being "filed with the Court" by a particular date.  Dkt. 32-2 at 34.  In addition, the notice also should state that any objector desiring to be heard at the fairness hearing must contemporaneously request permission to appear at the hearing, and that the objector will not be allowed to present any argument or comment at the fairness hearing unless he or she has timely objected to the settlement and

---

[3] For classes certified under Rule 23(b)(3), the Court must direct to class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Id. 23(c)(2)(B).  The notice must "clearly and concisely state in plain, easily understood language":  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Id.

accompanied said objection with a request to appear.  See <u>McClellan v. SFN Group, Inc.</u>, No. C 10-5972 SBA, 2012 WL 2367905, *5 (N.D. Cal. June 21, 2012).  The Class Notice shall be modified accordingly.

## III.   <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT the parties' renewed motion for preliminary approval is GRANTED, as follows:

1.      Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies, for settlement purposes only, a proposed Settlement Class defined as follows:

> All persons who are and/or were employed as non-exempt retail employees by TSA Stores, Inc. d/b/a Sports Authority, in the State of California from August 22, 2007 through the present.

2.      Plaintiff Khanh Nielson is appointed as class representative.

3.      Scott Cole & Associates, APC, is appointed as Class Counsel.

4.      Class Counsel is granted permission to obtain bids from various companies for the administration of this Settlement.  Upon its selection of a company, Class Counsel shall forthwith file an administrative motion and proposed order to appoint said company as the Claims Administrator.  The administrative motion shall identify the name of the proposed administrator, along with a brief summary of its qualifications.  Said motion shall be filed within twenty-one (21) days of the date this Order is filed.

5.      Within seven (7) days of the date this Order is filed, Plaintiff shall submit a revised Class Notice which addresses the Court's concerns, as set forth *supra*.  The revised Class Notice shall be redlined and/or highlighted to clearly indicate the modifications to the original proposed Class Notice.  In addition, Plaintiff shall accompany the revised notice with a proposed order approving the same.

6.      The Court directs mailing of the Class Notice, Claim Form and Request for Exclusion Form (collectively referred to as the "Class Notice Package") by United States

First Class Mail, in accordance with the Implementation Schedule set forth below.  Plaintiff Class Members shall not be required to pay return postage on the Claim Form and the cost of such postage shall be included in the fees and costs of the Administrator.  The Court finds that the deadlines selected in the Implementation Schedule meet the requirements of due process and provide the best notice practicable under the circumstances.

7.      The Court orders the following Implementation Schedule for further proceedings:

| ACTION | DEADLINE |
|---|---|
| Defendant to provide Claims Administrator with the name, last known home address, home telephone number, email address, social security number and data pertaining to the dates of employment of each Class Member | **10 days** after Court approves revised Class Notice |
| Claims Administrator mails Class Notice Package to Class Members | **10 days** after receipt by Claims Administrator of list of Class Members from Defendant |
| Deadline for Class Members to submit Claim Form/ Exclusion Form/Objections/Request to Appear | **60 days** after Class Notice Package is mailed (or not more than 21 calendar days after the date the Class Notice is re-mailed) |
| Plaintiff to file motion for final approval and judgment, for reimbursement of attorneys' fees and litigation costs, for reimbursement of costs associated with the claims administration of this settlement, an enhancement award to the Representative Plaintiff for her service to the Class, as well as a declaration from the Claims Administrator showing its efforts to mail the Class Notice Package.  (NOTE:  the motion shall include a section addressing any objections) | **35 days** before Fairness Hearing |
| Fairness Hearing | **December 17, 2013 at 1:00 p.m.** |

//

1    IT IS SO ORDERED.

2    Dated:  July 26, 2013

3                                                          SAUNDRA BROWN ARMSTRONG
                                                           United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28