UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| KHANH NIELSON, individually and on behalf of all other similarly situated,<br><br>                   Plaintiff<br><br>vs.<br><br>TSA STORES, INC. d/b/a SPORTS AUTHORITY, and DOES 1 through 100, inclusive,<br><br>                   Defendants. | Case No. CV-11-4724 SBA<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

**To:** All current and former non-exempt retail employees of Sports Authority in California at any time from August 22, 2007 to _____[date of preliminary approval]:

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO COMPENSATION FROM THIS SETTLEMENT**

*A court approved notice.  This is not an advertisement.*

You are **NOT** being sued.  However, your legal rights are affected whether you act or not.

## I.  INTRODUCTION

You received this Notice because the records of TSA Stores, Inc. d/b/a Sports Authority (hereafter, "Sports Authority") show that you were employed by Sports Authority as a non-exempt employee in California at some time during the period August 22, 2007 to \_\_\_\_ (the "Class Period").  All individuals who fall within that description are considered "Class Members" under the terms of this Notice.

We are providing this Notice to make you aware that a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") pending in the United States District Court, Northern District of California, Oakland Division (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.  A final settlement hearing will be held on _____, 2013 at \_\_\_\_\_ **p.m.** to determine whether the Settlement should be granted final approval.

As a Class Member, Sports Authority's records indicate that you are entitled to compensation under the Settlement, and that the Settlement affects your legal rights unless you "opt out" of the Settlement.  The purpose of this Notice is to: (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.  The Court file has the full settlement documents with more information on the lawsuit.  Sports Authority will not fire, punish, retaliate, or otherwise discriminate against any employee because he or she chooses to or not to participate in this settlement, or objects to the settlement.

## II.  SUMMARY OF THE ACTION

Plaintiff Khanh Nielson ("Plaintiff") alleges in her Complaint that, during the applicable limitations period, Sports Authority required Class Members to work off-the-clock, failed to provide meal and rest breaks, failed to provide accurate itemized wage statements, and failed to pay wages timely upon Class Members' terminations.  Plaintiff alleges that these violations resulted in underpayment of wages to Class Members.  Plaintiff also seeks civil penalties related to these claims.  Plaintiff seeks to maintain a class action for her claims on behalf herself and all persons who have been employed or are currently employed within the Class Period as a Sports Authority non-exempt retail employee.

Sports Authority denies any liability or wrongdoing of any kind in connection with Plaintiff's claims, and contends that Class Members are and were provided with meal and rest breaks as required by California law, that class members are and have been provided with itemized wage statements that comply with California law, that class members are and were properly compensated for all time worked and upon termination.  Consequently, Sports Authority does not believe that any liability to Plaintiff or Class Members exists, or that Plaintiff or Class Members are entitled to any recovery.

The Court granted preliminary approval of the Settlement on [*date of preliminary approval*] on behalf of a settlement class defined as:

> All persons who are and/or were employed as non-exempt retail employees by TSA Stores, Inc. d/b/a Sports Authority, in the State of California from August 22, 2007 through the present.

At that time, the Court also preliminarily approved Plaintiff Khanh Nielson to serve as Class Representative, and the law firm Scott Cole & Associates, APC to serve as Class Counsel.

The Court also scheduled a Final Approval Hearing on the Settlement at ____ p.m. on _____, 2013, in Courtroom __, United States District Court, Northern District of California, Oakland Division located at 1301 Clay Street, Oakland, California, at which time the Court will decide whether to grant final approval of the Settlement.

### III.  SUMMARY OF SETTLEMENT TERMS

Settlement Amount.  Sports Authority has agreed to pay an amount not to exceed $2,500,000.00 (the "Maximum Settlement Amount") to fully resolve this Action and obtain a release of claims as described below.  This Maximum Settlement Amount includes all settlement payments to Qualified Claimants, approved Class Counsel's attorneys' fees and litigation expenses, all claims administration expenses, an Enhancement Award to the Class Representative, Sports Authority's share of federal, state and/or local mandated payroll taxes, and payment to the Labor Workforce Development Agency ("LWDA") as described below.  For purposes of this Notice, "Qualified Claimants" refers to all Class Members who timely submit a valid Claim Form, as described further in Section IV, below.

Claims Administration and Other Payments.  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- Claims Administration.  Payment to the Claims Administrator for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments.

- Attorneys' Fees and Expenses.  Payment to Court-approved Class Counsel of reasonable attorneys' fees not to exceed 25% of the Gross Settlement Fund as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses actually incurred in connection with the Action, not to exceed $25,000.00.  Class Counsel has been prosecuting the Action on behalf of Plaintiff and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- Enhancement Award to Plaintiff.  A Service Enhancement not to exceed $2,500.00 to Plaintiff Nielson to compensate her for services on behalf of the Class in initiating and prosecuting the action.  This payment is in addition to whatever payments Plaintiff is otherwise entitled to as a Qualified Claimant.

- Payment to the LWDA.  Payment to the LWDA of $18,750.00 for settlement of claims brought under the Private Attorney General Act ("PAGA").

- Sports Authority's Share of Taxes.  All federal, state and/or local mandated payroll taxes that Sports Authority is required to pay relating to the distribution of all or any portion of the Maximum Settlement Amount.

Calculation of Class Member Awards.  Each Qualified Claimant will be eligible to receive a gross (pre-tax) share of the Net Settlement Amount (*i.e.*, the Gross Settlement Amount, minus:  approved Class Counsel fees and litigation costs; all claims administration expenses, the Enhancement Award, Sports Authority's employer payroll tax obligations, and payment to the LWDA).  The share distributed to each Qualified Claimant is referred to as the "Individual Settlement Share" and will be calculated as follows:

Questions? Contact the Claims Administrator toll free at 1-***-***-****

      **1.**      The Net Settlement Amount will be divided by the total number of weeks worked by all Class Members. The result of this calculation is known as the "Weekly Settlement Amount."

      **2.**      To calculate the Individual Settlement Share for each Qualified Claimant, the Weekly Settlement Amount will be multiplied by the total number of workweeks that Qualified Claimant worked between August 27, 2007 and ___.

<u>Minimum Payout.</u> Sports Authority agreed to distribute at least 80% of the Net Settlement Amount to Qualified Claimants. If the minimum payout is not met due to the number of Claim Forms submitted, the Individual Settlement Shares will be increased based on settlement shares to meet the minimum.

<u>Tax Withholding.</u> One-third of each individual settlement share is treated as wages that are subject to the normal payroll taxes and withholdings and W-2 reporting. The remaining two-thirds will be treated as interest and penalties that are <u>not</u> subject to payroll taxes, but which are subject to IRS Form 1099 reporting. Aside from any payroll taxes for which Sports Authority is responsible, which will be deducted from the Gross Settlement Amount, any and all tax obligations arising from any payments to Qualified Claimants will be the sole responsibility of the individual receiving such payment(s). Individual Settlement Shares will not count as earnings or compensation for purposes of any benefit plans (e.g., 401(k) plans, retirement plans, etc.) sponsored by Sports Authority.

<u>Releases.</u> Upon Final Approval of the Settlement, each Qualified Claimant and each Class Member who has not opted out of the settlement shall be deemed to have fully, finally, and forever released the Released Parties, as that term is defined in the Stipulation of Settlement, from all Released Claims through the date of final judgment.[1] Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out of the settlement.

---

[1] "Released Claims" include all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, whether known or unknown, that each Class Member had, now has, or may hereafter claim to have against the Released Parties, arising at any time between August 22, 2007, through the date of Final Judgment, out of, or relating in any way to, the facts, legal theories and alleged causes of action in the Complaint for (1) failure to provide meal and rest periods; (2) failure to pay wages (straight time, overtime, premium pay, and minimum wage); (3) failure to provide accurate itemized or properly formatted wage statements; (4) failure to pay wages upon termination or timely upon/after termination; (5) unfair business practices in violation of Cal. Business & Professions Code sections 17200, *et seq*; and (6) violation of the California Private Attorney General Act, Cal. Labor Code sections 2699 *et seq.* ("PAGA") (collectively, the "Released Claims"). At a minimum, the "Released Claims" include, to the extent permitted by law: (a) any claims and causes of action, whether known or unknown, that were or could have been alleged or asserted based on the facts and allegations alleged in the Lawsuit, the Complaint, or any amended complaint; (b) any claims that were or could have been brought under California Labor Code Sections 201, 202, 203, 204, 210, 212, 216, 218, 218.5, 221, 222, 223, 224, 225.5, 226, 226.3, 226.7, 227, 450, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2802, 2698, 2699 *et seq.* ("PAGA"), claims under the Employee Retirement Income Security Act ("ERISA"), the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, and all related or corresponding federal laws, and all implementing regulations and interpreting guidance; based on the facts and allegations alleged in the Lawsuit, the Complaint, or any amended complaint (c) any claims that were or could have been brought under California Business and Professions Code section 17200, *et seq.* as unlawful, fraudulent or misleading based on the claims, facts and allegations alleged in the Lawsuit (including, but not limited to, claims of conduct unlawful under state or federal law); and (d) any other causes of action that are based on or relate to the purported nonpayment of compensation, straight time, overtime, premium pay, off-the-clock work, , meal or rest period violations, improper or incomplete wage statements, or unfair business practices, including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy..

Questions? Contact the Claims Administrator toll free at 1-***-***-****

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

### IV. RIGHT TO CLAIM COMPENSATION FROM THE SETTLEMENT

Class Members who want to receive compensation under the Settlement must completely fill out, sign and date the enclosed Claim Form and mail the completed form **postmarked by no later than** _____ to the Claims Administrator at the following address:

Nielson v. Sports Authority Claims Administration Center
Claims Administrator Name
Address

**If you do not timely return the enclosed Claim Form, you will not be eligible to receive any portion of the settlement**. You may send the Claim Form to the Claims Administrator via United States mail. If you choose to do so, you may also elect to send the Claim Form to the Claims Administrator via certified mail, and take care to retain the receipt for proof of mailing.

**Class Members who do not submit a timely Claim Form will still be bound by the Releases in the manner described above, unless they opt out pursuant to the provisions below.**

Your Claim Form states the number of weeks you worked during the Class Period. If you believe that the number of weeks shown in the Claim Form is incorrect, you can dispute that information by submitting along with your Claim Form: (i) a written, signed statement describing your challenge to the weeks identified; and (ii) providing supporting documentation to support your challenge.

### V. RIGHT TO OPT OUT

If you do not wish to participate in this settlement of your claims, you may exclude yourself or "opt out." **If you opt out, you will receive no compensation from the Settlement, and you will not be bound by its terms**. To opt out, you must send to the Claims Administrator a signed copy of the Election to Opt Out of Class Action Settlement form, attached hereto, post-marked no later than _____, 2013. Opt Out forms that are post-marked after the Claims Period, or are unsigned by the Class Member, will be rejected. **Class Members submitting untimely or incomplete Opt Out form shall be bound by the Settlement and its releases but will not be considered Qualified Claimants and will not receive settlement payments**. If you submit both a Claim Form and a Request for Exclusion, the Claim Form will control and you will be considered a Qualified Claimant, regardless of the date on either document or the date the documents are postmarked.

### VI. RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement. Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before _____, 2013. At the same time, copies of objections must also be mailed or delivered to Class Counsel and counsel for Sports Authority at the following addresses:

| Class Counsel: | Counsel for Sports Authority: |
|---|---|
| Scott Edward Cole, Esq. | Evan R. Moses. Esq. |
| Hannah R. Salassi, Esq. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| SCOTT COLE & ASSOCIATES, APC | 400 South Hope Street |
| 1970 Broadway, Ninth Floor | Suite 1200 |
| Oakland, California 94612 | Los Angeles, California 90071 |
| (510) 891-9800 | |
| (510) 891-7030 FAX | |

To be considered timely, objections must be post-marked no later than _____, 2013. If you wish to appear and be heard at the fairness hearing you must contemporaneously request permission to appear at the hearing. You will not be allowed to present any argument or comment at the fairness hearing unless you have timely objected to the settlement and accompanied said objection with a request to appear.

Questions? Contact the Claims Administrator toll free at 1-***-***-****

~~If you object to the Settlement, and wish to appear and be heard by the Court at the wish to object and have the objection considered by the Court, you may also appear at the Final Approval Hearing, you must request permission, in writing, to appear at the hearing contemporaneously with your objection. If you do not timely object and request permission to appear and be heard in writing, you will not be allowed to present any argument or comment at the fairness hearing.~~ The Final Approval Hearing is scheduled for _____, 2013 at _____.m., in Courtroom __, United States District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California. You have the right to appear either in person or through your own attorney at this hearing. ~~Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.~~ Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties, above, on or before _____, 2013. All objections or other correspondence must state the name and number of the case, which is *Nielson v. Sports Authority*, United States District Court, Northern District of California, Oakland Division Case No. CV 11 4724 SBA. If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _____ _.m. on _____, 2013 in Courtroom __, United States District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California. The Hearing may be continued without further notice. **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## VIII.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims Administrator with any concerns or questions regarding the Settlement. You may also refer to the pleadings, the Stipulation of Settlement, and other papers filed in the Action, which may be inspected at the Office of the Clerk for the United States District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California during regular business hours of each court day.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

**Dated:** _____