1  Scott Edward Cole, Esq. (S.B. #160744)
   Hannah R. Salassi, Esq. (S.B. # 230117)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email:   scole@scalaw.com
5  Email:   hsalassi@scalaw.com
   Web:     www.scalaw.com
6
   Attorneys for Representative Plaintiff
7  and the Plaintiff Class

8

9              **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

11

12  KHANH NIELSON, individually, and    )  **Case No. CV-11-4724 SBA**
    on behalf of all others similarly   )
13  situated,                           )  **CLASS ACTION**
                                        )
14              Plaintiffs,             )  **NOTICE OF MOTION AND MOTION;**
                                        )  **MEMORANDUM OF POINTS AND**
15  vs.                                 )  **AUTHORITIES IN SUPPORT OF**
                                        )  **PLAINTIFF'S MOTION FOR AN ORDER:**
16  THE SPORTS AUTHORITY,               )
    and DOES 1 through 100, inclusive,  )     **(1) GRANTING FINAL APPROVAL OF**
17                                      )         **CLASS ACTION SETTLEMENT;**
              Defendants.               )     **(2) AWARDING ATTORNEYS' FEES**
18                                      )         **AND COSTS TO CLASS COUNSEL;**
                                        )     **(3) APPROVING ENHANCEMENT**
19                                      )         **AWARD TO THE CLASS**
                                        )         **REPRESENTATIVE; AND**
20                                      )     **(4) AWARDING REIMBURSEMENT FOR**
                                        )         **CLAIMS ADMINISTRATION FEES**
21                                      )         **AND COSTS**
                                        )
22                                      )  **Date:     December 17, 2013**
                                        )  **Time:     1:00 p.m.**
23                                      )  **Dept.:    Courtroom 1,  4th Floor**
    _____ )  **Judge:    Hon. Saundra Brown Armstrong**
24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## NOTICE OF MOTION

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

**NOTICE IS HEREBY GIVEN** that on December 17, 2013 at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1, fourth floor, of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, Representative Plaintiff Khanh Nielson will, and hereby does, move this Court for an Order:

    (1)    Granting Final Approval of the Parties' Class Action Settlement;

    (2)    Awarding Attorneys' Fees and Costs to Class Counsel;

    (3)    Awarding an Enhancement Award to Class Representative Khanh Nielson; and

    (4)    Awarding Reimbursement of Claims Administration Fees and Costs.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Hannah R. Salassi, Esq. and exhibits attached thereto, other records, pleadings, and papers filed in this action, and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this motion.

Dated: November 12, 2013

                           **SCOTT COLE & ASSOCIATES, APC**

                    By:     /s/ Hannah R. Salassi
                           Hannah R. Salassi Esq.
                           Attorneys for Representative Plaintiff
                           and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS.......................... 1

III. SUMMARY OF SETTLEMENT TERMS..................................................... 2

IV. THE SETTLEMENT MERITS FINAL APPROVAL .................................... 3

  A. THE SETTLEMENT IS PRESUMED TO BE FAIR.................................... 4

  B. ALL OF THE RELEVANT CRITERIA SUPPORT FINAL

    APPROVAL OF THE SETTLEMENT........................................................ 4

    1. The Relative Strength of the Plaintiff's Case Favors Final Approval ........................... 4

    2. The Risk, Expense, Complexity and Likely Duration of Continued Litigation

      Favor Final Approval ................................................................... 5

    3. The Amount Offered in Settlement Favors Final Approval ......................... 6

    4. The Extent of Discovery Completed and the Stage of the Proceedings

      Support the Settlement ................................................................. 7

    5. The Experience and Views of Class Counsel Favor Final Approval........................... 7

    6. The Class Members' Reaction Favors Final Approval.................................. 8

V. PLAINTIFF'S COUNSEL'S REQUESTED AWARD OF ATTORNEYS'

  FEES IS FAIR AND REASONABLE ........................................................... 9

  A. The Results Achieved .......................................................................... 10

  B. The Risk of Litigation ......................................................................... 10

  C. The Skill Required and the Quality of Work ...................................... 11

  D. The Contingent Nature of the Fee and the Financial Burden Borne by Plaintiff ............ 11

  E. Awards Made in Similar Cases............................................................ 12

  F. THE FEE REQUEST ALSO COMPORTS WITH OTHER COURTS' AWARDS

    UNDER THE LODESTAR APPROACH................................................... 12

VI. SCA'S COSTS ARE REASONABLE AND WERE INCURRED TO

  BENEFIT THE CLASS............................................................................... 14

VII. PLAINTIFF SAYLES IS ENTITLED TO AN ENHANCEMENT AWARD................ 14

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

VIII.   THE CLAIMS ADMINISTRATOR DESERVES PAYMENT

        FOR FULLY IMPLEMENTING THE NOTICE PROGRAM ........................................ 15

IX.     CONCLUSION ............................................................................................ 16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Arenson v. Board of Trade of City of Chicago*
  372 F.Supp. 1349 (N.D. Ill. 1974) ................................................................. 13

*Bellows v. NCO Fin. Sys.,*
  2008 U.S. Dist. LEXIS 103525(S.D. Cal. Dec. 2, 2008) ........................... 4, 5, 7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ................................................................................... 9

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ........................................................... 7, 8

*Briggs v. U.S.*
  No. C 07-05760 WHA (ND Cal. Apr. 30, 2010) ...................................... 13

*Brinker v. Super.Ct.*,
  165 Cal. App. 4th 25 (2008) ...................................................................... 5

*Campbell v. Amtrak*
  No. C 05-05434 CW (ND Cal. Feb. 18, 2010) ....................................... 13

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986)................................................................................... 9

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) .................................................................. 5

*Fischel v. Equitable Life Assurance Soc'y of the U.S.*,
  307 F.3d 997 (9th Cir. 2002) .................................................................. 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .............................................................. 3, 12

*Hopson v. Hanesbrands, Inc.*
  No. CV-08-0844 EDL (ND Cal. Apr. 3, 2009) .................................... 13

*In re Beverly Hills Fire Litig.*
  639 F.Supp. (E.D.K.Y. 1986) ............................................................... 13

*In re Cenco, Inc. Secs. Litig.*
  519 F.Supp. (N.D. Ill. 1981) ................................................................ 13

*In re GNC Shareholder Litig.*,
  668 F.Supp. 450 (W.D. Pa. 1987)......................................................... 13

*In re Heritage Bond Litigation*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005) ...................................... 10

*In re Omnivision Techs.*,
  559 F.Supp. 2d 1036 (N.D. Cal. 2007). ................................................. 9

*In re United Energy Corp. Sec. Litig.*,
  Case No. MDL No. 726, 1989 WL 73211 (C.D. Cal. Mar. 9, 1989) .......... 14

*L.H. v. Schwarzenegger*
  No. CIV. S-06-2042 LKK/GGH (ED Cal. Jul. 22, 2009) ................... 13

*Leonard v. Baumer*
  1989 U.S. Dist. LEXIS 19146 (C.D. Cal. Mar. 9, 1989)...................... 14

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .......................................................... 4, 12

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*McPhail v. First Command Fin. Planning, Inc.,*
   2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) ........................................ 9

*Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) .................................................................................... 4

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco,*
   688 F.2d 615 (9th Cir. 1992) ................................................................................... 4, 8

*Otero v. Rent-A-Center, Inc.*
   Case No. BC217038 (Los Angeles Super. Ct. 2000)............................................... 13

*Romero v. Producers Dairy Foods, Inc.,*
   2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007) ................................... 12

*Staton v. Boeing Company,*
   327 F.3d 938 (9th Cir. 2003) ........................................................................... 3, 5, 9

*Stuart v. RadioShack Corp.*
   No. C-07-4499 EMC (ND Cal. Aug. 9, 2010)...................................................... 13

*Weeks v. Kellogg Co.,*
   2011 U.S. Dist. LEXIS 155472 (C.D. Cal. Nov. 23, 2011)................................. 5, 7


**Treatises & Secondary Resources**

1 Alba Conte, *Attorney Fee Awards* (3d ed. 2004) § 1.09.................................... 11, 14


**Federal Rules of Civil Procedure**

Fed. R. Civ. Proc.
23(e) ........................................................................................................................... 3


**Labor Code**

Cal. Lab. Code §2699 ....................................................................................................... 2


**Manual for Complex Litigation**

*Manual for Complex Litigation* ("*Manual*")
   (4th ed. 2008) § 21.61 ............................................................................................. 3


**Newberg**

4 *Newberg* § 14.6 .......................................................................................................... 12

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

By way of this instant Motion, Plaintiff requests this Court enter an Order granting final approval of the proposed Settlement Agreement, which this Court preliminarily approved on July 26, 2013 (*Dckt. No.* 38). This Settlement represents a fair and adequate compromise for a conditionally-certified class of approximately 12,890 non-exempt employees who worked for defendant TSA Stores, Inc., d/b/a Sports Authority, (hereinafter "Defendant" or "Sports Authority") in California at any time on or after August 22, 2007 to July 26, 2013.[1] After thorough investigation and mediated negotiations, plaintiff Khanh Nielson ("Representative Plaintiff" and/or "Plaintiff") has achieved this settlement that awards approximately $2,500,000.00 ("Gross Settlement Amount"), a result Plaintiffs' counsel, Scott Cole & Associates, APC ("SCA" or "Class Counsel") believes serves the best interest of the class.[2]

In addition, Class Counsel requests attorneys' fees of 25% of the Gross Settlement Amount for its efforts and commitment in the pursuit of the best result for Class Members and reimbursement of its actual, reasonable litigation costs up to $25,000.00, an enhancement award of $2,500 for the Representative Plaintiff for her commitment to the litigation, and reimbursement of the claims administrator's fees and costs. Each of these requests was communicated, through dissemination of the Class Notice, to the Class Members.[3]

### II.      PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

On August 22, 2011, Plaintiff filed this lawsuit against Sports Authority in the County of San Francisco on behalf of herself and other Class Members that were employed by Defendant in

---

[1]      A true and correct copy of the fully executed Settlement Agreement, entitled "Class Action Settlement Agreement" ("Settlement") is attached as Exhibit "A" to the Declaration of Hannah R. Salassi, Esq. in Support of Plaintiffs' Motion for Final Approval ("Salassi Decl."), filed concurrently herewith. Unless otherwise noted, all exhibits referenced herein are attached to the Salassi Decl. *See also*, Exhibit "B," Declaration of Lisa Leininger on Behalf of Administrator with Respect to Claim Forms, Requests for Exclusion and Objections Submitted ("Leininger Decl."); Salassi Decl. ¶ 3.

[2]      Salassi Decl. ¶¶ 6-7, 9-10.

[3]      Ex. A ¶ 52-53, 56; *See generally* Exhibit "C," Order Approving Class Notice and exhibits attached thereto.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California since August 22, 2007. Based on Defendant's policy of conducting "security checks" on non-exempt employees, the Complaint alleges causes of action for: (1) failure to provide meal and rest periods; (2) failure to pay wages; (3) failure to provide accurate wage statements; (4) failure to pay wages upon termination; (5) unfair business practices in violation of Cal. Business and Professions Code section 17200, *et seq.*; and (6) violation of the California Private Attorney General Act, Cal. Labor Code section 2699 *et seq*. The Complaint also seeks waiting time penalties under Labor Code section 203, pre-judgment interest, and attorneys' fees and costs. On September 22, 2011, Defendant removed the action to this Court.[4]

Prior to mediation, Defendant provided relevant data (i.e. number of current class members, workweeks, shifts and terminated employees, as well as length of employment and average hourly rate) to Class Counsel and made an informal document production including excerpts of its inspection policies and procedures. On July 31, 2012, the parties mediated before Mark Rudy, Esq. and after a month of additional bi-lateral negotiations, by August 31, 2012, all named parties and their respective counsel had executed the Settlement and agreed to its terms.[5]

On July 29, 2013, the Court issued an Order discharging the previous Order to Show Cause and granting preliminary approval.[6] Thereafter, the parties implemented the Court's Order and effectuated the class notice as provided therein.

## III.   SUMMARY OF SETTLEMENT TERMS

The Settlement requires Defendant to pay up to $2,500,000.00 for awards to Class Members, payment of attorneys' fees (not to exceed 25% of the Gross Settlement Amount) and litigation costs (not to exceed $25,000.00), an enhancement award to the representative Plaintiff (not to exceed $2,500), settlement administration costs, payment of $25,000.00 for release of the PAGA claims ("PAGA Payment," of which 75% will be remitted to the California Labor & Workforce

---

[4] Salassi Decl. ¶¶ 3-5.
[5] *Id.* ¶ 7-9.
[6] *See generally* Exhibit "D," Order Granting Preliminary Approval of Class Action Settlement.

Development Agency ("LWDA") and the remaining 25% will be included in the Net Settlement Amount), and Defendant's share of any applicable employer or payroll taxes.[7]

Each Qualified Claimant (*i.e.*, Class Members who timely submitted a valid Claim Form consistent with the Claim Process) will receive a pro rata portion of the Net Settlement Fund ("Individual Settlement Share"). Each pro rata portion will be calculated based on the Qualified Claimant's workweeks multiplied by the Weekly Settlement Amount, which will be calculated by dividing the Net Settlement Amount by the total number of workweeks for all Class Members. Two-thirds (66 2/3%) of each Individual Settlement Share will be reported via an IRS Form 1099 as recovery for penalties and interest, and one-third (33 1/3%) will be reported on a W-2 as recovery for wages. The Settlement ensures that the total payout for Individual Settlement Shares will equal no less than 80% of the Net Settlement Amount (*i.e.* "Minimum Settlement Amount"). The unclaimed remainder, if any, will revert to Defendant.[8]

## IV.    THE SETTLEMENT MERITS FINAL APPROVAL

When evaluating a motion for final approval of a class action settlement, the courts examine whether the settlement is "fundamentally fair, adequate, and reasonable." Fed. R. Civ. Proc. 23(e); *Staton v. Boeing Company,* 327 F.3d 938, 959 (9th Cir. 2003) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *accord Manual for Complex Litigation* ("*Manual*") (4th ed. 2008) § 21.61 at 308. A settlement is "fair, adequate and reasonable," and therefore merits final approval, when "the interests of the class are better served by the settlement than by further litigation." *Manual* § 21.61 at 462. As the *Hanlon* Court noted, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because she is exposed to the litigants, and their strategies, positions and proof." *See Hanlon*, 150 F.3d at 1026. Nevertheless, "the court's intrusion upon . . . a private consensual agreement . . . must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[7]      Ex. A ¶¶ 22, 52-56.
[8]      Ex. A ¶¶ 26, 54, 58.

between, the negotiating parties...." *Id.* (citing *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1992)).

To determine whether a proposed class action settlement is fair, reasonable, and adequate, courts in the Ninth Circuit consider such factors as: the strength of the plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and view of counsel; and the reaction of the class members to the proposed settlement. *See Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

## A.   THE SETTLEMENT IS PRESUMED TO BE FAIR

Where "a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation conducted by capable counsel, it is presumptively fair." *Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 103525, *18 (S.D. Cal. Dec. 2, 2008).The presumption of fairness applies here for many reasons including the facts that: 1) the settlement was reached through arms-length mediation with an experienced mediator and 2) SCA's experience litigating similar lawsuits and its investigation into the facts of this case allowed for intelligent assessment of the merits and value. For these reasons and those below, this Court may presume the Settlement is worthy of final approval.

## B.   ALL OF THE RELEVANT CRITERIA SUPPORT FINAL APPROVAL OF THE SETTLEMENT

### 1.   The Relative Strength of the Plaintiff's Case Favors Final Approval

Plaintiff primarily based her claims on the theory that Sports Authority's security inspection policy denied Class Members' meal and rest breaks. Class Counsel investigated the claims and weighed the strength of the evidence against the asserted defenses. Plaintiff's consideration included (1) some of Defendant's security inspections may have lasted no more than a few seconds, making Plaintiff's claims potentially vulnerable to a *de minimis* defense; (2) it is unlikely every class member underwent a security check at every meal and rest break, especially when the policy is a discretionary, not regular requirement, a factor that undercuts Plaintiff's prospects of both class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

certification and prevailing on liability; (3) the lack of written proof of rest periods would have diminished the prospect of certifying the claim; (4) the Supreme Court's decision in *Brinker v. Super.Ct.*, 165 Cal. App. 4th 25, 21 (2008) established a mixed result, holding that employers are required to provide meal and rest breaks, but not ensure employees take them; (5) Defendant could have sought to reduce or deny the PAGA penalties; and (6) the difficulties in proving Defendant's willfulness under Labor Code section 203. [9] As the outcome of any litigation is far from a foregone conclusion, the uncertainty surrounding Plaintiff's claims favors approval of the Settlement.

### 2.      The Risk, Expense, Complexity and Likely Duration of Continued Litigation Favor Final Approval

Analysis of  the complexity, expense and likely duration of the litigation often includes a comparison of the amount of the proposed settlement with the present value of the damages the plaintiffs could recover, if successful, appropriately discounted for the risk of not prevailing. *See Bellows,* 2008 U.S. Dist. LEXIS 103525 at *7; *Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, 47-50 (C.D. Cal. Nov. 23, 2011). Here, Plaintiff's counsel discounted the theoretical maximum recovery to account for the risks discussed above, including the *de minimis* defense, the discretionary nature of the security inspection policy, the lack of proof of rest periods, the difficulty in proving Defendant's willfulness and the potential denial of PAGA penalties.

Even if Plaintiff had prevailed on both certification and the merits, appeals could have extended the litigation for years, and on that basis, the Settlement is reasonable. *See Glass*, 2007 U.S. Dist. LEXIS 8476 ("Regardless of how this Court might have ruled on the merits of the legal issues, the losing party likely would have appealed, and the parties would have faced the expense and uncertainty of litigating an appeal."). Because the Settlement provides immediate and substantial relief to the Class Members without the attendant risks of continued litigation, it warrants this Court's approval. As this Court knows, "the law wisely favors settlement," particularly in class actions where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Staton*, 327

---

[9]      Salassi Decl. ¶ 12; *See also* Exhibit "E," Sports Authority Associate Handbook, page 46.

F.3d at 952 ("rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk").

### 3. The Amount Offered in Settlement Favors Final Approval

Since the Class Members are ensured compensation for the injuries they have suffered and because the recovery is fair and reasonable, this factor weighs in favor of approving the Settlement. *See West v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 76558, *15 (E.D. Cal. Oct. 20, 2006).

Here, a Gross Settlement Amount of $2,500,000.00 is available to pay: Individual Settlement Shares at no less than 80% of the Net Settlement Amount, attorneys' fees (not to exceed 25% of the Gross Settlement Amount) and litigation costs (capped at $25,000.00), an enhancement award to the named Plaintiff (not to exceed $2,500), settlement administration costs and $25,000.00 for release of the PAGA claims ($18,750.00 will be paid to the LWDA). [10]

The average hourly rate for Class Members during the class period was $11.97. The total workweeks are 738,101.57 and the average workweeks per Class Member is approximately 57.26. The Settlement Administrator has estimated the value per workweek for the Class is $2.37 (although this amount is actually higher, once the pro rata shares are increased to meet the floor). Thus, the average claim is $386.92, and the highest recovery is $1,247.34.[11] Considering the value, the Settlement provides fair compensation to each participating Class Member. The Settlement is also fair based on comparison to recoveries in similar cases. For example, in *Kurihara v. Best Buy* the approved settlement provided approximately $1.12 per shift, and in *Ragano v. Michaels* the approved settlement provided approximately $0.16 per shift. Based on the variables present in this case and comparison with settlements in other cases, Class Counsel believes the Settlement is a fair result for the class.[12]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[10] Ex. A ¶¶ 27, 52-23.
[11] *See* Exhibit "B," Leininger Decl. ¶ 17.
[12] *See* Order Granting Motion for Final Approval in *Kurihara v. Best Buy Co., Inc.*, Case No. C 06-01884 MHP (N.D. Cal. 2007); Order Granting Motion for Final Approval in *Ragano v. Michaels Stores, Inc.,* Case No. CV-11-3908-CRB, (N.D. Cal. 2013)

Notice of Motion; Memo. of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Settlement

### 4. The Extent of Discovery Completed and the Stage of the Proceedings Support the Settlement

Courts consider the extent of discovery completed and the stage of proceedings in determining the fairness, adequacy and reasonableness of a settlement. *See Weeks*, 2011 U.S. Dist. LEXIS 155472, *55-56; *Bellows,* 2008 U.S. Dist. LEXIS 103525 at *8. Here, Class Counsel conducted a pre-filing investigation of Defendant and interviewed Plaintiff on numerous occasions regarding the work experiences of her and her colleagues. In addition, prior to mediation, Defendant provided data to Plaintiff's counsel, including the class size, average hourly rates, and number of shifts and workweeks during the class period. Defendant also made an informal document production that included excerpts of its policies and procedures related to its security inspection policies.[13] The pre-mediation exchange of information allowed Plaintiff to develop "a clear view of the strengths and weaknesses" of the case, and supports the conclusion that the Settlement is fair, adequate and reasonable. *See Bellows,* 2008 U.S. Dist. LEXIS 103525 at *8.

### 5. The Experience and Views of Class Counsel Favor Final Approval

Class Counsel possesses extensive knowledge and expertise in the legal issues affecting the class, is very aware of the attendant risks of class action litigation, and is otherwise well-suited to evaluate the Settlement.[14] The endorsement of qualified and well informed counsel of a settlement as fair, adequate and reasonable is entitled to significant weight. *See Bellows,* 2008 U.S. Dist. LEXIS 103525 at *8 (citing *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D. Cal., 1979). ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.")); *West*, 2006 U.S. Dist. LEXIS 76558 at *17-18 (in class action settlements, the opinions of counsel should be given considerable weight both because of counsel's familiarity with the litigation and previous experience with similar cases). Based on its expertise in this area of the law, Class Counsel strongly supports the Settlement as fair, adequate, reasonable, and in the best interests of the class.

---

[13]   Salassi Decl. ¶ 7.
[14]   *Id.* ¶ 17; Exhibit "F," SCA's Professional Resume.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**6.     The Class Members' Reaction Favors Final Approval**

A court may properly infer that a class action settlement is fair, adequate and reasonable when few class members object to it. Indeed, courts may approve class action settlements as fair, adequate and reasonable despite objections from a sizable number of class members. *See*, *e.g.*, *City of Seattle*, 955 F.2d at 1291-96 (upholding trial court's grant of final approval after receiving over 400 letters from objecting bondholders).

Here, among the 12,890 Class Members who received notice of the Settlement, only 112 class member(s) opted-out (0.8% of the Class) and only 1 Class Member purported to object.[15]  *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 624 (N.D. Cal. 1979) (objections from 16% of the class constituted a "persuasive" showing that settlement was adequate); *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 967 (9th Cir. 2009) (a favorable reaction to the settlement can be found, when, "of 376,301 putative class members to whom notice of the settlement had been sent, 52,000 submitted claims forms and only fifty-four submitted objections."); *see also Glass v. UBS Fin. Servs.,* 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) (approving a wage and hour employment class action settlement with 280 opt-outs from a class of 13,176 (2.1% opt out rate)).

Notably, the objection is not that the Settlement is inadequate in any way. Rather, it is a complaint from a Class Member who believes that Sports Authority "has undergone rigorous management training to prevent issues" and, based on her personal experience, employees in her store were not required to work off the clock or denied earned wages.[16] Given that the Court's consideration is not whether Sports Authority is liable, which would be the disputed issue at trial, but on whether the settlement is a fair, reasonable and adequate compromise of the claims alleged, Ms. Lowndes "objection" has no bearing on the proceedings. *See Officers for Justice v. Civil Service Com'n of City and County of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982) (The court's consideration upon a settlement should be limited to evaluate whether the settlement is fair, reasonable and adequate. The court should not reach any ultimate conclusions on the contested

---

[15]     *See* Exhibit "B," Leininger Decl. ¶¶ 5, 11 and 12; Exhibit "G," Letter from Rebecca Lowndes ("Lowndes Ob."). Notably, Class Counsel and counsel for Defendant received Ms. Lowndes "objection" via mail, but Ms. Lowndes may not have filed a copy with the Court.

[16]     Ex. "G," Lowndes Ob.

Notice of Motion; Memo. of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Settlement

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | issues of fact and law which underlie the merits of the dispute.) Thus, the reaction of Class Members

2 | strongly favors the approval of this Settlement.

3 |     Taking all of the above-listed factors into account, the Settlement merits final approval,

4 | allowing the participating Class Members to receive a fair and speedy recovery for the claims

5 | alleged on their behalf.

## V.   PLAINTIFF'S COUNSEL'S REQUESTED AWARD OF ATTORNEYS' FEES IS FAIR AND REASONABLE

8 |     Plaintiff requests attorneys' fees of 25% of the Gross Settlement Amount, which is the

9 | benchmark for fees in the Ninth Circuit.  Courts in the Ninth Circuit have articulated relevant factors

10 | to determine the reasonableness of attorneys' fees: (1) the results achieved; (2) the risk of litigation;

11 | (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial

12 | burden carried by the plaintiffs; and (5) awards made in similar cases. *McPhail v. First Command*

13 | *Fin. Planning, Inc.,* 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) (quoting *In re*

14 | *Omnivision Techs.,* 559 F.Supp. 2d 1036, 1046, (N.D. Cal. 2007). Public policy promotes approval

15 | of reasonable fee requests since they "encourage the bringing of meritorious ... claims which might

16 | otherwise be abandoned because of the financial imperatives surrounding the hiring of competent

17 | counsel." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (internal quotation marks and

18 | citations omitted).

19 |     Courts recognize two methods for calculating attorneys' fee awards in class action

20 | settlements. The more prevalent "common fund" method calculates attorneys' fees based on a

21 | percentage of the common benefit bestowed upon the class.[17] The "lodestar-plus-multiplier" method

22 | uses class counsel's "lodestar"– determined by multiplying the hours counsel expended by their

23 | hourly rates – enhanced by a multiplier. It is well settled in the Ninth Circuit that "[i]n a common

24 | fund case, the district court has discretion to apply either the lodestar method or the percentage-of-

---

[17]     "Under the 'common fund' doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than herself or his client is entitled to a reasonable attorneys' fee from the fund as a whole.'" *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003)(citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). "Thus, the common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees." *Staton*, 327 F.3d at 967.

the-fund method in calculating a fee award." *See In re Heritage Bond Litig.,* 2005 U.S. Dist. LEXIS 13555, \*59 (C.D. Cal. June 10, 2005) (citing *Fischel v. Equitable Life Assurance Soc'y of the U.S.,* 307 F.3d 997, 1006 (9th Cir. 2002)).

In this case, the request for 25% ($625,000.00) of the common fund is entirely reasonable for a number of reasons, including the fair result obtained, the experience and skill required of Class Counsel to achieve this result and the positive response from Class Members.

### A. THE RESULTS ACHIEVED

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *In re Omnivision*, 559 F.Supp. 2d at 1046. Based on the claims received to date, and ensuring that the settlement distribution meets the Floor, the total payout to the Class is $1,402,200.00. As noted above, the average recovery for participating Class Members is $386.92 and the highest recovery is $1,247.34. Based on the nature of the claims alleged and the defenses thereto, Class Counsel believes this result is a fair and adequate compromise, and, accordingly, an award of 25% for attorneys' fees is reasonable.

### B. THE RISK OF LITIGATION

This is not a case where recovery of a substantial settlement and attorneys' fees, let alone prior to class certification, was a foregone conclusion. As noted in detail above, Class Counsel evaluated the risks inherent in the litigation such as the potential denial of class certification, and Defendant's possible success in disproving or discounting liability, especially in light of the discretionary nature of Defendant's security inspection policy. The risk that further litigation might result in the Plaintiff and Class not recovering anything at all, particularly in a case involving complicated legal issues such as this one, is a *significant* factor in the award of fees. *In re Omnivision*, 559 F.Supp.2d at 1047. Had this case proceeded to trial, unsettled legal issues related to liability and damages would have been hotly contested and possibly appealed.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**C.      THE SKILL REQUIRED AND THE QUALITY OF WORK**

Class Counsel has demonstrated the requisite skill and competency to justify the fee award sought in the instant matter. SCA has prosecuted scores of wage and hour class actions and is devoted almost exclusively to the prosecution of wage and hour class action matters such as this. Class Counsel investigated and developed the record in this case, drafted a thorough mediation brief and damages analysis, all necessary to convince Defendant of its exposure.[18] SCA's collective skills and abilities were essential to the success of this litigation.

**D.      THE CONTINGENT NATURE OF THE FEE AND THE FINANCIAL BURDEN BORNE BY PLAINTIFF**

The contingent nature of SCA's compensation militates in favor of Plaintiff's attorneys'fee request. District Courts within the Ninth Circuit recognize that "[t]he rationale behind awarding a percentage of the fund to counsel in common fund cases is the same that justifies permitting contingency fee arrangements in general." *In re Quantum Health Resources, Inc. Sec. Litig.*, 962 F.Supp. 1254, 1257. "The underlying premise is the existence of risk -- the contingent risk of non-payment." *Id.* at 1257. "Because payment is contingent upon receiving a favorable result for the class, an attorney should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case." *Id.* (citing 1 Alba Conte, *Attorney Fee Awards* (3d ed. 2004) § 1.09).

From the outset, the prosecution of this case has involved significant financial risks for SCA. SCA undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of this litigation.[19] While SCA believes that the claims in this case are meritorious, it recognizes the factual and legal challenges involved in complex litigation of this type. This case involved multiple factual and legal hurdles, making SCA's success all the more contingent.

In addition, SCA's commitment to this litigation should not be assessed in a vacuum. Here, the time SCA has spent on litigation and the settlement process prevented it from pursuing other

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[18]   Salassi Decl. ¶ 17; Exhibit "F," SCA's Professional Resume.
[19]   Salassi Decl ¶ 15.

Notice of Motion; Memo. of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Settlement

1    work at the same hourly rates reflected in the lodestar submitted here. Indeed, SCA devoted over

2    722.60 hours to litigating this action against Defendant.[20] As such, additional work was available

3    that SCA was forced to forego to devote the time necessary to pursue this case. For these reasons,

4    the weight of this factor militates toward approval of Plaintiff's attorneys' fee requests.

6          **E.**        **AWARDS MADE IN SIMILAR CASES**

7          Based on the Ninth Circuit benchmark of 25%, Plaintiff's attorneys' fee is entirely

8    reasonable. *See, e.g., Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.

9    1990); *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). In fact, since fee awards in

10    many common fund cases exceed the 25% benchmark, Class Counsel's request is wholly

11    supportable. *See Romero v. Producers Dairy Foods, Inc.,* 2007 U.S. Dist. LEXIS 86270, *10 (E.D.

12    Cal. Nov. 13, 2007) (approving 33% attorney fee award and noting "fee awards in class actions

13    average around one-third of the recovery") (*quoting Newberg on Class Actions* § 14.6 (4th ed.

14    2007)); *In re Activision Sec. Litig.,* 723 F.Supp. 1373, 1378 (upholding a 30% fee); *Linney v.

15    Cellular Alaska P'ship,* 1997 U.S. Dist. LEXIS 24300 at *20 ("Courts in this district have

16    consistently approved attorneys' fees which amount to approximately one-third of the relief procured

17    for the class.").

19          **F.**        **THE FEE REQUEST ALSO COMPORTS WITH OTHER COURTS' AWARDS UNDER THE LODESTAR APPROACH**

20          Alternatively, Courts may also use a lodestar approach, enhanced by a multiplier. *See*

21    *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The lodestar method requires a trial

22    court first to determine a "lodestar" figure based on a "careful compilation of the time spent in

23    reasonable hourly compensation for each attorney ... involved in the presentation of the case."

24    *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977).

25          Here, Class Counsel has provided this Court with both a summary of its hourly rates (which

26    are scaled in accordance with the degree of specialization and reputation Class Counsel brings to this

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

[20]    *Id.* ¶ 14.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   litigation) and hours billed in this matter.[21] As of October 30, 2013, Class Counsel has accumulated a

2   total lodestar of $286,665.50,[22] and is requesting fees in the amount of $625,000.00, representing a

3   multiplier of approximately 2.2. Based on the fact that courts often approve multipliers anywhere

4   from 4 to 12, Plaintiff's fee request is reasonable under the lodestar plus multiplier method.

5   *Wershba*, 91 Cal. App. 4th at 255 ("multipliers can range from 2 to 4 or even higher"); *Otero v.*

6   *Rent-A-Center, Inc.*, Case No. BC217038 (Los Angeles Super. Ct. 2000) (awarding 2.43 multiplier

7   in wage and hour case); *Glendora*, 155 Cal. App. 3d 465 (12x multiplier awarded); *In re Cenco, Inc.*

8   *Secs. Litig.*, 519 F.Supp. 322 (N.D. Ill. 1981) (4x multiplier awarded); *In re Beverly Hills Fire Litig.*,

9   639 F.Supp. 915 (E.D.K.Y. 1986) (5x multiplier awarded); *Arenson v. Board of Trade of City of*

10  *Chicago*, 372 F.Supp. 1349 (N.D. Ill. 1974) (4x multiplier awarded). The multiplier reflects the

11  value of Class Counsel's efforts in taking the case on a contingency basis and obtaining a very

12  favorable result for the class, in an efficient manner. Here, Class Counsel obtained a multi-million

13  dollar settlement for the class members' relatively modest wage and hour claims. Moreover, rather

14  than engaging in protracted litigation, Class Counsel used their experience and expertise to move the

15  case into early mediation, facilitated by an informal exchange of information that allowed for a

16  robust analysis of the claims. The multiplier compensates Class Counsel for fully assuming the risk

17  of loss and their efforts in obtaining the settlement achieved here. Under either the percentage of the

18  fund or lodestar analysis, Plaintiff's fee request is reasonable and worthy of this Court's approval.

19

20

21

---

22  [21]     Recent opinions issued by federal courts in California have approved hourly rates proffered by other

23  firms specializing in complex and/or class action litigation that comport with those reflected in Class Counsel's lodestar.
    *See, e.g., Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2010 WL 3155645, at *6 (ND Cal. Aug. 9, 2010)

24  (approving associate billing rates between $600 and $800 per hour); *Briggs v. U.S.*, No. C 07-05760 WHA, 2010 WL
    1759457, *10-11 (ND Cal. Apr. 30, 2010) ($605 per hour); *Campbell v. Amtrak*, No. C 05-05434 CW, 2010 U.S. Dist.

25  LEXIS 20778, *29 (ND Cal. Feb. 18, 2010) (approving partner billing rates up to $700 per hour); *see Hopson v.*
    *Hanesbrands, Inc.*, No. CV-08-0844 EDL, 2009 U.S. Dist. LEXIS 33900, *34-35 (ND Cal. Apr. 3, 2009) (approving,

26  respectively, $525 and $675 associate and partner billing rates); *L.H. v. Schwarzenegger*, No. CIV. S-06-2042
    LKK/GGH 2010 U.S. Dist. LEXIS 74863, *14-17 (ED Cal. Jul. 22, 2009) (approving billing rates up to $640 per hour);

27  3155645, at *6 (N.D. Cal. Aug. 9, 2010); *Anderson v. Nextel Retail Stores, LLC*, 2010 U.S. Dist. LEXIS 71598 (CD Cal.
    Jun. 30, 2010) (finding that partner billing rates between $655 and $750 per hour "were within the reasonable range for

28  this type of law firm in this practice area in this district").
    [22]     *Id.* ¶ 14; Exhibit "H," Lodestar.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## VI. SCA'S COSTS ARE REASONABLE

In the course of this litigation, SCA incurred substantial costs in the form of legal and factual research, photocopies, fax, travel, postage, mediation, and telephone charges, totaling $8,389.35, and will incur additional expenses through the completion of the distribution process including, but not limited to, the filing fee for this motion, photocopies, fax, postage and telephone charges.[23] Such costs are appropriate for reimbursement in these types of cases. *Leonard v. Baumer (In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Secs. Litig.*), 1989 U.S. Dist. LEXIS 19146 (C.D. Cal. Mar. 9, 1989) (an attorney "whose efforts create a common fund for an identifiable class are entitled to recover their fees and costs from the class so benefited"); 1 Alba Conte, *Attorney Fee Awards* § 2:08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."). Based on the terms of the settlement, SCA is requesting reimbursement of actual costs in the amount of $8,389.35.[24] The costs incurred by SCA in this litigation are reasonable and appropriate as they served to benefit the class.

## VII. PLAINTIFF SAYLES IS ENTITLED TO AN ENHANCEMENT AWARD

Pursuant to the Settlement, SCA requests a $2,500.00 Enhancement Award for the Representative Plaintiff.[25] For public policy reasons, "a class representative is entitled to some compensation for the expense she or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action." *West*, 2006 U.S. Dist. LEXIS 76558 at *26 (internal citations omitted). Compensation of class representatives "must be reasonable in light of applicable circumstances, and not 'unfair' to other Class Members." *See id.* at 27). Here, Plaintiff's requested Enhancement Award is reasonable given her contribution to the class, the risks she faces in participating in the litigation[26] and the fact that her request will have a negligible effect on the amount of each Class Members' recovery.

Ms. Nielson contributed significantly to the resolution of this case. Among other efforts, Ms.

---

[23]   Salassi Decl. ¶ 16; Exhibit "I," Cost Journal.
[24]   Salassi Decl. ¶ 16; Exhibit "I," Cost Journal.
[25]   Exhibit "A," Settlement ¶ 53.
[26]   *See generally* Exhibit "J," Declaration of Khanh Nielson ("Neilson Decl.").

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Nielson responded to her attorneys' questions regarding working conditions at Sports Authority,

2   including the policies regarding security inspections; discussed the complaint and claims with her

3   attorneys and provided information as to liability and damages; received and responded to mail,

4   electronic mail, and/or facsimiles from her attorneys, remained on-call and readily accessible on the

5   date of the mediation session and reviewed, discussed with counsel and consented to the

6   settlement.[27] SCA believes that this case would not have settled on the same terms, or in such a

7   timely manner, without Ms. Nielson's participation and significant efforts.

8          Plaintiff also took a substantial risk in participating in this action because her employment

9   with Defendant was ongoing when she filed the class action. Moreover, if the case had resulted in an

10   adverse disposition, Plaintiff might have been taxed in the amount of Defendant's litigation costs, a

11   result that would have crippled her financially.[28] Finally, the Enhancement Award is not unfair to

12   other Class Members, if "it will not significantly reduce the amount of settlement funds available to

13   the rest of the class." *See West*, 2006 U.S. Dist. LEXIS 76558 at *27. All of the facts demonstrate

14   that $2,500 Enhancement Award to Plaintiff is reasonable. *See, e.g.*, *Glass*, 2007 U.S. Dist. LEXIS

15   8476 at *41 (approving $25,000 Enhancement Awards); *Barcia v. Contain-A-Way, Inc.,* 2009 U.S.

16   Dist. LEXIS 17118, *14 (S.D. Cal. Mar. 6, 2009) (approving $25,000 Enhancement Award).

17

18   **VIII.   THE CLAIMS ADMINISTRATOR DESERVES PAYMENT FOR FULLY
      IMPLEMENTING THE NOTICE PROGRAM**

19          The Court approved notice program has now been fully implemented, as explained in the

20   Leininger declaration. For the complete notice and administration project, including the future

21   processing of claim forms, the Claims Administrator's fees and costs total $76,000.00,[29] a

22   reasonable amount given the services provided and results obtained. Plaintiff requests the Court

23   approve the Claims Administrator's fees and costs.

24

25

26

27       [27]   Exhibit "J," Nielson Decl. ¶ 16.
        [28]   Id.  ¶ 17.
28       [29]   Exhibit "B," Leininger Decl. ¶ 18.

Notice of Motion; Memo. of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Settlement

**IX.      CONCLUSION**

Based upon the foregoing, the Court should enter an Order granting final approval of the parties' class action settlement, award SCA's application for attorneys' fees, costs, an Enhancement Award to the Representative Plaintiff, and approve payment of claims administration fees and costs.

Dated: November 12, 2013

                                        **SCOTT COLE & ASSOCIATES, APC**


                                   By:      /s/ Hannah R. Salassi
                                            Hannah R. Salassi Esq.
                                            Attorneys for Representative Plaintiff
                                            and the Plaintiff Class

Notice of Motion; Memo. of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Settlement

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800