UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KHANH NIELSON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE SPORTS AUTHORITY, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No:  C 11-4724 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court on December 17, 2013, for a hearing on Plaintiff's Motion for an Order: (1) Granting Final Approval of Class Action Settlement; (2) Awarding Attorney's Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; and (4) Awarding Reimbursement for Claims Administration Fees and Costs.  In particular, Plaintiff seeks final approval of a proposed class action settlement of her wage and hour claims in the gross amount of $2,500,000, an award of attorney's fees in the amount of $625,000 which is based on 25% of the gross settlement, the payment of a $2,500 incentive award to Plaintiff, and the payment of claims administrator fees and litigation expenses in the amounts of $76,000 and $8,389.35, respectively.  The Court has received no objections to the proposed settlement and no putative objectors appeared at the final approval hearing.

Assessing a settlement proposal requires the district court to balance a number of factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the

proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Upon consideration of these factors in relation to the record presented, the Court finds that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The proposed attorney's fee award based on 25% of the gross settlement is reasonable under the circumstances, see Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002), as is the proposed incentive award for Plaintiff, see Villegas v. J.P. Morgan Chase & Co., No. C 09-0261 SBA, 2012 WL 3542187, at *6 (N.D. Cal., Aug. 14, 2012). Finally, Plaintiff has provided sufficient documentary support for the payment of claims administrator fees and litigation expenses in the sums requested.[1] Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion For An Order: (1) Granting Final Approval of Class Action Settlement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; and (4) Awarding Reimbursement for Claims Administration Fees and Costs is GRANTED.

2. The Court approves payment of: attorney's fees in the sum of $625,000 to Class Counsel; litigation expenses in the sum of $8,389.35 to Class Counsel; claims administrator fees in the sum of $76,000 to CPT Group, Inc.; and an incentive award in the sum of $2,500 to Plaintiff Khanh Nielson.

//
//
//
//
//

---

[1] At the Court's direction Plaintiff timely submitted a supplemental declaration to substantiate the expenses of the claims administrator. The supplemental declaration provides the requisite support such expenses.

3. The instant action is dismissed with prejudice, and final judgment shall be entered consistent with this Order. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: January 22, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge